UNITED STATES WATCH CASE COMPANY v. SOUTHERN EX-
PRESS COMPANY.

*Common    Carriers—Unreasonable    Restriction    of    Liability—
Waiver of Stipulation Limiting Liability.*

1. A stipulation by an express company contained in its bill of lading that
   it shall not be liable for loss or damage, unless demand of payment
   therefor is made within 30 days from the date of the bill of lading,
   is an unreasonable restriction of its liability.

2. Such stipulation, even if not unreasonable, was waived by stating, in
   answer to the shipper's demand for the return of the package, that
   the company was searching for it and, when found, by accepting
   the shipper's instructions to sell it.

CIVIL ACTION, tried at January, 1897, Special Term of
FORSYTH Superior Court before *Hoke, J.,* and a jury.

The plaintiff complained for the non-payment of the sum
of seven dollars, the value of a package delivered by it to
the defendant to be sent C. O. D. to Westville, S. C., from
Winston, N. C.

It appeared from the testimony that the package was de-
livered to defendant for shipment on October 28, 1892;
that the time between Winston, N. C., and Westville, S.
C., was two or three days; that hearing nothing of the
package, plaintiff ordered its return, whereupon, after trac-
ing it, the defendant located it at Westville and asked for
instructions, and on 29th November, 1892, plaintiff sent
instructions to sell package for $6 or to return it; that not
having any report from defendant, plaintiff made two or
three claims or demands for the package, to which no at-
tention was paid until in July, 1893, defendant notified
plaintiff that the package had been stolen. Plaintiff then
made written demand for the package on July 25, 1893,
which has never been complied with.

Defendant relied upon the Statute of Limitations and

on a stipulation contained in its bill of lading that the company should not be liable for any loss or damage unless the claim therefor should be presented in writing within thirty days after date of bill of lading. His Honor held that the stipulation relied on by defendant was unreasonable, and, if not, it was waived by conduct of defendant, and that the cause of action having accrued in July, 1893, the action was not barred.

There was verdict followed by judgment for the plaintiff and defendant appealed.

*Messrs. Jones & Patterson*, for plaintiff.
*Messrs. Watson & Buxton*, for defendant (appellant).

CLARK, J.: The stipulation that the defendant should not be liable for loss or damage, unless demand was made in writing within thirty days from the date of bill of lading, was held an unreasonable restriction of the common law liability of a common carrier and void in *Cigar Co.* v. *Express Co., ante.* But, aside from that, the defendant waived this stipulation and is estopped by answering plaintiff's demand for return of the package that it was searching for it, and then, when it was found, accepting plaintiff's instruction to sell the same. It was not until July, 1893, that the defendant notified the plaintiff that the package was stolen. The demand in writing was made within 30 days, and action was brought within 3 years (*The Code*, 155, (1) after that date.

No Error.