DIXIE CIGAR COMPANY v. SOUTHERN EXPRESS COMPANY.

*Common Carriers—Limiting Liability—Unreasonable Restrictions.*

1. Stipulations in a bill of lading restricting the common law liability of a common carrier are invalid unless reasonable, because the parties are not dealing on an equal footing.

2. Where an express bill of lading contained a stipulation that the company should not be liable for loss or damage, unless demand therefor should be made within thirty days from the date of the bill of lading, and the company instructed its agents not to return undelivered packages until the expiration of thirty days from their arrival at their destination; *Held*, that the stipulation was unreasonable and void.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at January, 1897, Special Term of FORSYTH Superior Court upon appeal. The plaintiff complained for the value of a package worth $27..50 which it delivered to defendant in April, 1893, to be shipped to Ratan, 'Mexico, and which was not delivered as agreed.

The receipt given by the Express company contained the following stipulation: "In no event shall the Southern Express Company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing at this office within thirty days after this date, in a statement to which this receipt shall be attached."

Upon the back of the envelope used by the defendant company in transmitting package was an instruction to its agents as follows: "If not delivered in 30 days return to shipper, unless otherwise specifically instructed."

His Honor held that the stipulation in the receipt, as to giving thirty days' notice in writing, &c., was unreasonable, and that the failure of plaintiff to comply therewith would not prevent recovery.

There was a verdict for plaintiff, and from the judgment thereon defendant appealed.

*Messrs. Jones & Patterson*, for plaintiff.
*Messrs. Watson & Buxton*, for defendant (appellant).

CLARK, J.: Stipulations in a bill of lading restricting the common law liability of a common carrier are invalid, unless reasonable; because the parties are not dealing on an equal footing. *Railroad* v. *Lockwood*, 17 Wall., 357. We think his Honor properly held that a stipulation that the defendant would not be liable unless there is a demand in writing made within 30 days from the date of the bill of lading was unreasonable and void. The instructions

to its agents upon the back of the defendant's envelopes and packages recognize this, for those instructions require the agent at the receiving point, when the consignee cannot be found, to notify him through the mail, and if the package is not delivered in 30 days to return it to shipper. This contemplates the loss of time going and returning, plus 30 days' detention at the receiving point. To require, therefore, every shipper to visit the express office and demand in writing pay for his package, before the time has expired in which it should be returned, under penalty of losing pay for same if lost by negligence or other default of the Express Company, is an unreasonable requirement. The consignor, having entrusted the package to the common carrier for a consideration, is entitled to rely upon the carrier's doing its duty without worrying its agents or himself with constant inquiries whether it has done so or not. If the package is returned for failure to find the consignee, or is lost or stolen, the carrier should notify the consignor. We are inclined to think, in analogy to the ruling as to telegraph companies (*Sherrill* v. *Tel. Co.*, 109 N. C., 527), that a stipulation would be reasonable that the consignor or consignee should make his demand, within 60 days after he has notice of his loss or damage, that he intends to hold the carrier responsible for negligence or other default, so that the carrier may perpetuate the evidence of its shifting agents, and this does not abridge the statutory time in which the action can be brought.

The stipulation here being void, and the action having been brought within three years, the plaintiff was entitled to recover.

No Error.