MARY K. CREWS *et al.* v. W. L. CANTWELL.

(Decided December 22, 1899.)

*Practice—Province of Jury—Issue—Burden of Proof.*

1. Where the issue submitted to the jury is as follows: Is the defendant indebted to the plaintiff, and if so, in what sum? the burden of proof is upon the plaintiff, and must be passed upon by the jury, and the Court can not direct an affirmative finding, no matter how strong the evidence in support of such finding.

2. Where there is an admission in the answer that the defendant had received money belonging to plaintiff, and had retained a part as commission, according to an agreement with plaintiff, the burden of proof is shifted and rests upon the defendant.

APPEAL from Justice's Court, tried before *Moore, J.,* at May Term, 1899, of the Superior Court of WILSON County.

One of the plaintiffs testified that the defendant, as agent of plaintiffs, had sold a house and lot for them for $2,000, and had wrongfully retained $100 as commissions. The defendant offered no evidence.

The issue submitted was this:

Is the defendant indebted to plaintiffs, and if so, in what sum?

After argument of plaintiffs' attorney to the jury, his Honor, without hearing from defendant's attorney, stated that he saw nothing for the jury to pass upon, and that he would instruct the jury to find, Yes, $100.

In deference to this intimation, defendant's counsel said he could not resist the verdict. It was rendered accordingly, and from the judgment defendant appealed.

*Messrs. Deans & Cantwell,* for appellant.
*Mr. C. C. Daniels,* for appellee.

MONTGOMERY, J. This action was commenced in a court of Justice of the Peace, and was for the recovery of $100, and interest, of the defendant. The allegations of the plaintiff were that the defendant was authorized by the plaintiff to sell their house and lot in Wilson at the net price to them of $2,000; that he sold the property for $2,000, the purchase money being paid by notes for $1,800 and $200 in cash, and retained $100 out of the cash payment, claiming the same as his commissions for making the sale, and that he had no right to retain the same. The defendant's defense, in the language of the return to the appeal of the Justice of the Peace, was that he, "denied the right of the plaintiff to recover that amount, on the ground of an agreement that he might sell the property (a house and lot in Wilson) for $100 less than the price obtained from it, and claimed that he was entitled to claim $100 as his part of the purchase money for his services in the transaction and sale, as agent of plaintiff."

In the trial in the Superior Court, the defendant tendered issues as to whether the plaintiff authorized the defendant to

sell the property for $1,900, and as to whether, if the defendant was not entitled to all sums over and above the selling price agreed on, he was entitled as a commissioner for making a sale of the property, and to what was he entitled as such commissioner? His Honor refused to submit those issues, but submitted one in these words: "Is the defendant indebted to the plaintiff, and if so, in what sum?" The issue submitted was sufficient, for under it every phase of the defendant's contentions could have been heard and passed upon under proper instructions from the Court.

The only witness examined was J. E. Brothers for the plaintiff, and parts of his testimony tended to prove the contentions of the plaintiff. His Honor, after argument by plaintiffs' counsel, and without hearing argument for defendant, said that he saw nothing for the jury to pass upon, and that he would insruct them to find the issue "yes." It is stated in the case "that in deference to this intimation the defendant's counsel said that he would not resist the verdict, and it was rendered accordingly, and from the judgment the defendant appealed." In the plaintiff's brief it is argued that that was not an *exception* to his Honor's instruction. To be sure, the word *exception* was not used, but it certainly amounted to a protest against the course pursued by his Honor, and was as significant as if the word exception had been used. In the brief of the plaintiffs' counsel, the ground is taken that upon the pleadings the burden of proof was put upon the defendant to show that he had a right to retain the $100, as his commission for making sale of the property, as he had admitted in his answer that he had received the $200 cash payment for the sale of the plaintiff's property, and that he had only paid over to the plaintiff $100 of it. We are inclined to the opinion that that position was a correct one, but the case was tried, as appears from the record, on the

theory that the burden of proof was on the *plaintiff*, for the only issue submitted was in that view of the case, and the plaintiff went forward with the duty of producing her evidence. The instruction, then, of his Honor was erroneous, for as the burden of proof was assumed by the plaintiff the Court could not withdraw the issue from the jury. *Bank v. School Commissioners*, 121 N. C., 109. In that case, Justice FURCHES, delivering the opinion of the Court, said: "But no matter how strong and uncontradictory the evidence is in support of the issue, the Court can not withdraw such issue from the jury and direct an affirmative finding."

New trial.