PORTER v. WHITE.

(October 23, 1900.)

*Verdict—Directing—Prohibiting Defense—Trial.*

It is error for the Court, after plaintiff has rested, to direct a verdict for him and refuse to allow defendant to introduce competent evidence.

CIVIL ACTION by A. T. Porter against C. A. White, executor of Samuel Cory, W. L. F. Cory, J. H. Cory, Lovie Worthington, Armetta Worthington and Louis Worthington, heard by Judge *J. W. Bowman,* at Spring Term, 1900, of PITT Superior Court. From judgment for plaintiff, defendant appealed.

*Skinner & Whidbee,* for plaintiff.
*Jarvis & Blow,* for defendants.

FAIRCLOTH, C. J.    This action is to have a deed absolute
on its face declared to be a mortgage security.    The plaintiff
rested his case with evidence tending to show his contention,
and his Honor directed the jury to answer the issue "Yes,"
in favor of the plaintiff.    The defendant, in apt time, offered
to introduce evidence to show (1) that the deed was not in-
tended by the parties to be a mortgage or security; (2) that
the redemption clause had not been omitted by ignorance,
mistake, or undue advantage; (3) that the deed was made
and accepted as an absolute deed; (4) that plaintiff occupied
the land in controversy as the tenant of defendant's intestate,
and paid him yearly rent therefor.    The Court declined to
hear the testimony, and defendant excepted.    We are not in-
formed as to the kind or character of the evidence offered, or
whether it was competent or not; but, upon a very plain prin-
ciple, the defendant was entitled to introduce any competent
evidence that would sustain his contention, or defeat that of
the plaintiff.    We think his Honor's refusal to hear defend-
ant's evidence was error, and renders another trial proper.
It is, therefore, unnecessary to consider other questions dis-
cussed on the argument.

Error.