This is an action for the recovery of twenty bags of flour lost in transit. The plaintiff alleges in his complaint, which is apparently sustained by the evidence, that it is the assignee of the bill of lading for a large amount of flour shipped from Circleville, Ohio, to J. A. Durham Co., Lenoir, N.C. all of which was delivered except the 20 bags said to have been lost. The answer denied every allegation of the complaint, either directly or for want of knowledge. As an additional defense, the answer alleged: "That no claim for loss or damage was made by plaintiff above named within thirty days after the delivery of the property, or within thirty days from the discovery of the loss, as set forth and required in the bill of lading and contract under which the said property and flour were shipped." The assignments of (282) error were to admission of evidence, to the submission of issues, and the direction of the verdict in favor of the *Page 210 
plaintiff. The following is the statement in the record as to the issues: "The defendant tendered the following issue which were refused by the Court, to-wit: 1. Were the goods of plaintiff lost while in the custody of defendant? 2. What is the value of the same? In place of the issues tendered by defendant the following issues, which his Honor answered — the issue and answer are, "Are the defendants indebted to the plaintiff? if so, how much? Ans.: $38.50."
We see no error in the admission of exhibits "A," "B," "C" and "D," which were properly identified, and appear to be part of the records of one or the other of the different companies composing the through freight line. Exhibits "A," "B" and "C" seem to be official reports of officers of the companies directly relating to the subject matter of the action; while Exhibit "D" is the claim of loss filed by the plaintiff as required by the bill of lading. The papers are certainly relevant and material, and we think are equally competent. The same may be said of the depositions of the witnesses Crites and Kyle. In an action for the value of goods lost in transit, it is sometimes difficult to comprehend how the testimony of the shipper that he actually delivered the goods to the common carrier can be considered "incompetent and irrelevant." The defendant contends that the plaintiff is barred of any recovery on account of the following clause in the bill of lading, to-wit: "Claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than 30 days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."
It is now well settled that all such contracts of limitation, being in derogation of common law, are strictly construed, (283) and never enforced unless shown to be reasonable. Mitchell v. R. R., 124 N.C. 236; Hinkle v. R.R., 126 N.C. 932, and cases therein cited. This Court has said in Wood v. R. R., 118 N.C. 1056, that "Such stipulations, contained in a contract, are a part of the contract, but they do not contain any part of the obligation of the contract. They are conditions, in the nature of estoppels, and, when enforced, operate to prevent the enforcement of the obligations of the contracts. Such restrictions, when reasonable, will be sustained. But, as they are restrictions of common-law rights and common-law obligations of common carriers, they are not favored by the law."
We do not think the stipulation under consideration is reasonable, and therefore it can not be enforced. We deem it *Page 211 
proper to state that we are inclined to think that, in analogy to the ruling as to telegraph and express companies, a stipulation requiring a demand to be made within sixty days after notice of loss or damage would be reasonable. Sherrill v. Tel. Co., 109 N.C. 527; Lewis v. Tel. Co.,117 N.C. 436; Cigar Co. v. Express Co., 120 N.C. 348;Watch Case Co. v. Express Co., 120 N.C. 351. That this defense in the present instance is purely technical, is shown by the testimony of the witness Holland, formerly the defendant's agent at Lincolnton, who testified that he checked the flour short when delivered to Chester and Lenoir Railroad, and also by Exhibit "B." It would thus appear that the defendant knew of the loss before the consignee.
Again, the defendant complains that the notice was given to the Chester and Lenoir Railroad, and not to the defendant, who alone is sued. The bill of lading, in express terms, requires that such notice should be given "to the agent at point of delivery," which in this case was Lenoir. Where it is shown by its own way bills that the defendant had full knowledge of the loss before any part of the shipment reached (284) its destination, it is doubtful whether any formal notice should be required of the consignee; but that question it is not necessary for us now to decide.
This Court has repeatedly held that "among connecting lines of common carriers, that one in whose hands goods are found damaged, is presumed to have caused the damage, and the burden is upon it to rebut the presumption." Mfg. Co. v. R. R., 121 N.C. 514; Mitchell v. R. R.,124 N.C. 236; Hinkle v. R. R., 126 N.C. 932.
We think that the same rule holds good where only a part of the shipment is lost, because that is the nature of the damage to the shipment, and the carrier in whose hands the remainder is found is fully as able to protect itself as it would be in the case of breakage or other damage. Whether this rule would apply where no part of the shipment is found in anybody's hands may be a different question. That is not now before us. While the plaintiff might have sued the Chester and Lenior [Lenoir] road, which delivered to it the remainder of the shipment, we do not think that it is compelled to do so when its own testimony tends to prove that no part of the lost flour ever came into the possession of that road.
Under the circumstances, we do not think that the form of the issues was material. The evidence tended to show that the lost flour was received by the defendant and not delivered either to the plaintiff or the Chester and Lenoir Railroad. If *Page 212 
the jury believed the evidence, they would, in all probability, have found for the plaintiff under either set of issues.
This brings us to the direction of the verdict, the exception to which must be sustained. The defendant denied every allegation of the complaint, thus casting the burden of proof upon the plaintiff. Therefore there was error committed by his Honor in directing a verdict in favor of the plaintiff without at least leaving to the jury the credibility of the testimony. (285) That the Court can not thus direct an affirmative finding of fact, is well settled. Bank v. SchoolCommissioners, 121 N.C. 109; White v. R. R., 121 N.C. 484,489; Wood v. Bartholomew, 122 N.C. 177; Crews v.Cantwell, 125 N.C. 516, 519; Porter v. White, 127 N.C. 73;Spruill v. Ins. Co., 120 N.C. 141; Collins v. Swanson,121 N.C. 67; Eller v. Church, 121 N.C. 269; Cable v. R. R.,122 N.C. 892; Cox v. R. R., 123 N.C. 604.
It is simple justice to the Judge who tried the case in the Court below to say that we doubt whether he has not been inadvertently misquoted in the statement of the case. The statement says that "His Honor answered" the issues: but the defendant's third assignment of error says that "His Honor erred in instructing the jury, in holding and directing the answer to the issue submitted"; while the brief of the plaintiff's counsel says, "His Honor was warranted in instructing the jury that, if they believed theevidence, they would answer the issue $38.50." However this may be, we are bound by the record, and must order a new trial for the error therein appearing.
Cited: Bogan v. R. R., 129 N.C. 155; Butts v. R. R., 133 N.C. 83;Parker v. R. R., Ib., 342; S. v. Godwin, 145 N.C. 463; Hawk v. LumberCo., 149 N.C. 17. *Page 213 
(286)