W. T. DEANS AND R. C. BROWN v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 16 March, 1910.)

1. **Carriers of Freight—Bills of Lading—Notice of Loss—Thirty
Days.**

    A provision in a bill of lading that the carrier would not be
    liable if claim for loss in shipment were delayed for more than
    thirty days after the delivery of the property, is unreasonable
    and void.

2. **Same—Reasonable Time—Limitation of Actions.**

    Under a bill of lading with a provision that a claim of loss
    or damage must be made to the carrier promptly after the de-
    livery of the property, with a void provision, in addition, that
    it must be made in thirty days, it is no error in the trial court
    to instruct the jury that a delay for more than sixty days before
    demand made would be unreasonable, as such is not in the
    nature of a statute of limitation, but the construction of what
    is a reasonable time under the contract of the word "promptly."
    This action arose prior to the adoption of the standard bill of
    lading by the Interstate Commerce Commission, allowing four
    months.

APPEAL from *Cooke, J.,* at November Term, 1909, of EDGE-
COMBE, in an action begun before a justice of the peace.

The plaintiffs sued to recover the value of goods lost in trans-
portation and the statutory penalty for nonpayment of claim
in ninety days. The shipment in which the shortage was dis-
covered was received at South Boston, Va., on 11 July, 1906,
from the Stebbins-Lawson-Spraggins Company, at that place, to
be carried to the plaintiffs at Tarboro. The initial carrier was
the Norfolk and Western Railway Company. The claim in
writing for the lost goods was filed 17 March, 1907, the value
being $139.31. The shipment seems to have been promptly for-
warded, and reached Tarboro without apparent delay. The
goods were checked up upon arrival and the shortage discov-

ered. The defendant denied liability, because of the unreasonable delay in filing claim. . The bill of lading contained the following provision: "Claims for loss or damage must be made, in writing, to the agent at point of ·delivery, promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery · thereof, no carrier hereunder shall be liable in any event." His Honor charged the jury that the thirty-day limit of the bill of lading in which to file claim was void, but the plaintiffs must give notice to the carrier of loss of goods from box in a reasonable time, and that if they should find that the plaintiffs gave notice of ·the loss within sixty days, this would be in reasonable time; but if they should find that notice of the loss was not given to the agent within sixty days by the plaintiffs, then it would be an unreasonable time, and they should· answer the issue "No." The jury answered the issue of indebtedness "No," and judgment was rendered for defendant, and plaintiffs appealed to this Court.

*W. O. Howard* for plaintiffs.
*F. S. Spruill* and *J. L. Bridgers* for defendant.

MANNING, J. The only error assigned is the charge of the learned trial judge, which we have quoted in the statement of the case. The stipulation of thirty days as the time limit in which the notice of loss, to be available to plaintiff, should be given, was properly held by the trial judge to be unreasonable and void. *Mfg. Co. v. R. R.,* 128 N. C., 280. In that case this Court said: "We do not think the stipulation under consideration is reasonable, and therefore it cannot be enforced. We deem it proper to state that we are inclined to think that, in analogy to the ruling as to telegraph and express companies, a ·stipulation requiring a demand to be made within sixty days after notice of loss o'r damage would be reasonable. *Sherrill v. Tel. Co.,* 109 N. C., 527; *Lewis v. Tel. Co.,* 117 N. C., 436; *Cigar Co. v. Express Co.,* 120 N. C., 348; *Watch Co. v. Express Co.,* 120 N. C., 351." It is obvious from the charge of his Honor that he followed the suggestion of this Court in that case. Striking out the word "thirty," in the stipulation, there is the provision that the claim for loss or damage must be made "promptly," and under the language of this Court, above quoted, a claim for loss or damage would be promptly made if made within sixty days. It is suggested, however, by the learned counsel of the plaintiff that as the thirty-day limit is unreasonable and void, the time is "at large," and is governed by the three years' statute of limitations. This position is met by the

·cases of *Sherrill v. Tel. Co.,* 109 N. C., 527, and *Cigar Co. v. Express Co.,* 120 N. C., 348. In each of those cases it is distinctly held that these stipulations are "not statutes of limitation restricting the time within which action may be brought." If the plaintiffs had given the notice of their loss within sixty days, their cause of action would not have been barred until three years had elapsed. It may be well to state that in 1908 the Interstate Commerce Commission adopted the standard bill of lading, which is now in force, and that this bill of lading prescribes four months as the time limit in which claim for loss is to be made. This regulation was prescribed, however, two years after the shipment in the present case. We are of the opinion that his Honor committed no error in the instruction complained of, and his judgment is affirmed.

No error.