J. C. BOSS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 27 September, 1911.)

1. Carriers of Goods—Evidence—Condition of Goods at Destination —Negligence—Presumption—Rebuttal—Questions for Jury.

When goods are shipped over several connected lines of carriers and are found in a damaged condition at destination, there is a presumption that the injury was negligently inflicted by the last carrier, subject to be rebutted by evidence, and when the evidence in rebuttal is sufficient a question for determination by the jury is raised.

2. Same—Unbroken Seals.

In an action for damages to goods which had been transported by several carriers over their lines, there was evidence tending to show that the final carrier received the goods in car-load shipment with the seals on the car unbroken, but when the car and its contents were inspected at destination the back end of the car was nearly empty, its contents piled in the front end, broken and defaced. There was also evidence that the car had been properly packed at the initial point, and on behalf of the terminal carrier that its transportation had been on schedule time, without accident to its train: *Held*, (1) it was competent for the terminal carrier to show as a reason for accepting

the shipment that it received the car with the seals unbroken from the former carrier; (2) that the evidence was sufficient for the jury to consider upon the negligence of the former carrier in failing to properly transport the shipment for delivery to its connecting line, and to rebut the presumption of negligence as to the latter one.

APPEAL by defendant from *Justice, J.,* at January Term, 1911, of PASQUOTANK.

This is an action to recover damages for injury to household goods while in the course of transportation. The defendants are the Norfolk Southern Railroad Company and the Atlantic Coast Line Railroad Company.

The goods were shipped from Washington, D. C., on 20th October, over the Washington and Southern Railroad, which issued the bill of lading, to Richmond, and thence by the Atlantic Coast Line to Plymouth and from Plymouth over the Norfolk Southern Railroad to Elizabeth City. They arrived at Plymouth on 23d October, when the Atlantic Coast Line at once notified its connecting line, the Norfolk Southern, of their arrival, but the last company, under the direction of the plaintiff, refused to receive the car until 12th November, when it did receive it and carried it over its line to Elizabeth City, a distance of fifty-two miles; that it arrived in Elizabeth City on 13th November, on schedule time, in about twenty-four hours after it left Plymouth.

When the car reached Plymouth, and likewise when it was delivered by the Atlantic Coast Line to the Norfolk Southern Railroad for shipment to Elizabeth City, the original seal was unbroken and the car was received without exception or protest by the Norfolk Southern.

The plaintiff notified the Norfolk Southern Company not to accept the car when it arrived at Plymouth, because of an overcharge of freight.

The plaintiff testified that the goods were well packed and crated when delivered to the Washington and Southern Railroad at Washington, D. C.; that they were received at Elizabeth City about four weeks after shipment over the Washington and Southern Railroad. The original seals were unbroken, and the

Norfolk Southern agent broke the seals and sent a man with him to look in; found the back end of the car nearly empty; the furniture, etc., was piled in front end and broken and defaced, and looked as if it had been in a collision. The car was an Atlantic Coast Line car.

The Norfolk Southern Company introduced the following evidence:

One Nicholson, agent at Plymouth of the Norfolk Southern, testified that the Atlantic Coast Line Railroad Company brought the car to Plymouth with charges $50.40. "I received the car finally by instruction of Mr. Garrett, the Norfolk Southern agent at Elizabeth City, and shipped it immediately, 12th November, to Elizabeth City, where it arrived next day, 13th. The car remained in Plymouth ten or fifteen days; came there on 23d October, and offered to me the same day, and for lack of credentials I did not take it, because charges were not prepaid or guaranteed. It stayed on the side-track. The distance from Plymouth to Elizabeth City is fifty-two miles. When I forwarded the car to Elizabeth City the original seals on the car were unbroken."

One Garrett, agent of the Norfolk Southern at Elizabeth City, testified that he told plaintiff the car was at Plymouth when it arrived there and what charges were against it. Plaintiff directed him not to receive it. "In about a week, 12th November, I wired, at plaintiff's direction, to receive it, and on the 13th it arrived in Elizabeth City on schedule time. The distance from Elizabeth City to Plymouth is fifty-two miles. It came in about twenty-four hours or less."

One Bernard testified that he was flagman on train between Plymouth and Mackey's Ferry, which had plaintiff's furniture in charge; that he saw it landed on the steamer *Garrett* at Mackey's Ferry en route to Elizabeth City, but that he stopped there and went no further, the distance being eleven miles from Plymouth on the way to Elizabeth City. He further testified that no accident or injury occurred to this car while he was with it, but he knew nothing about it after it left Mackey's Ferry on its route to Elizabeth City.

The Atlantic Coast Line Company introduced no testimony whatever, and there was no further testimony introduced by the plaintiff or the Norfolk Southern Railroad Company.

His Honor, among other things, charged the jury: "That, primarily, the law raises the presumption that the injury, if you find injury to the plaintiff's property, occurred while in the hands of the Norfolk Southern Railroad Company, and it would devolve on it to rebut the presumption by proof that it did not injure the goods. If, however, you find by the greater weight of the evidence that the Atlantic Coast Line Railroad had the goods and brought the same to Plymouth and there turned the same over to the Norfolk Southern Railroad; and if you further find as a fact that Norfolk Southern Railroad Company did not cause the injury, and find that the presumption has been rebutted, then and in that case the presumption would arise that the damage occurred while the goods were in the hands of the Atlantic Coast Line and it would devolve upon the Atlantic Coast Line to rebut that presumption by showing that the injury was not caused by it, being a matter peculiarly within its own knowledge."

The Atlantic Coast Line Company does not challenge the correctness of the legal principle involved in this charge, but does except upon the ground that there is no evidence to rebut the presumption that the Norfolk Southern Company caused the injury.

The same question is also presented by a motion to nonsuit and by a prayer for instruction.

The jury rendered the following verdict:

"First. Was the plaintiff's furniture and goods injured by the negligence of the receivers of the Norfolk Southern Railroad Company, as alleged in the complaint? Answer: No.

"Second. Was the plaintiff's furniture and goods injured by the negligence of the Atlantic Coast Line Railroad Company, as alleged in the complaint? Answer: Yes.

"Third. What damage, if any, is plaintiff entitled to recover? Answer: $276.25. Delay of goods, $15. Total, $291.25."

Judgment was entered against the Coast Line Company, and it excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen*.

*No counsel for plaintiff.*
*Pruden & Pruden for defendant.*

ALLEN, J., after stating the case: The goods were found, in a damaged condition, in the possession of the Norfolk Southern Company, and his Honor properly held that this raised the presumption that they were injured by the negligence of that company. *Manufacturing Co. v. R. R.*, 121 N. C., 514; *Manufacturing Co. v. R. R.*, 128 N. C., 284; *Meredith v. R. R.*, 137 N. C., 488.

This presumption was sufficient, standing alone, and in the absence of other testimony, to sustain a verdict in favor of the plaintiff.

If evidence in rebuttal was offered, it was for the jury to determine its weight.

Recognizing this as a correct statement of the law, the Norfolk Southern Company has introduced evidence which, it contends, rebuts the presumption of negligence on its part.

Has it done so? If it has, there is no error in the trial. The evidence is not as full as it ought to have been, and the failure of the Norfolk Southern Company to introduce one of its own employees on the train, to show that there was no accident or collision between Mackey's Ferry and Elizabeth City, ought to have had weight with the jury.

We cannot, however, pass on the sufficiency of the evidence. This is for the jury, and our duty ceases when we inquire whether there was evidence for their consideration. We think there was.

The goods were securely packed and crated at Washington City, and when they reached Elizabeth City the back end of the car was nearly empty, and the furniture was piled in the front end, broken and defaced.

This would indicate that the injury did not occur in the ordinary operation of the train. No one could afford to ship furniture, nor would railroads be willing to accept it for carriage, if such damage usually occurred in the prudent management of their trains.

The plaintiff testified, without objection, that the furniture looked like it had been in a collision.

The Norfolk and Southern Company offered evidence that the original seal on the car was unbroken, thus explaining its acceptance of the car without protest, and that it received the car on 12th November, and delivered. it at Elizabeth City on 13th November, *on schedule time.*

The car was in the possession of the Coast Line Company from ten to fifteen days, and in the possession of the Norfolk Southern one day, and it had been transported by one from Richmond to Plymouth, and by the other fifty-two miles.

The goods were in a car of the Atlantic Coast Line, and the seals were unbroken.

If there was evidence against the Coast Line Company that the injury was caused by an extraordinary event; that the car was in the possession of this company ten or fifteen days; that it transported the goods from Richmond to Plymouth, a distance of about one hundred and fifty miles; that the goods were delivered at Washington to the Norfolk and Southern Railway and arrived at Plymouth in a Coast Line car; and evidence in favor of the Norfolk Southern Company that it received the car on 12th November and delivered it on 13th November, at Elizabeth City, on schedule time, having possession of the car one day and carrying it fifty-two miles; and that the original seal was unbroken—was it not permissible to contend that the probabilities were greater that the injury occurred while in possession of the Coast Line Company?

There was evidence of these facts, and if, accepting them as true, the probability of injury by the Coast Line Company was more reasonable, it was for the jury to say what inference should be drawn from them. *Fitzgerald v. R. R.,* 141 N. C., 534.

The evidence is not conclusive, and the jury would have been justified in finding that the presumption of negligence raised against the Norfolk Southern had not been rebutted, but we cannot say there was no evidence to support the verdict and judgment.

No error.