## SOUTHERN RAILWAY COMPANY *v.* REID & BEAM.

### ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 80. Argued December 6, 1911.—Decided January 9, 1912.

*Southern Railway Co.* v. *Reid, ante,* p. 424, followed to effect that legislation of Congress in regard to matters of interstate commerce need not be inhibitive, but only to occupy the field, in order to supersede state statutes on the same subject. *Northern Pacific Ry. Co.* v. *Washington, ante,* p. 370.

This case is controlled by and decided on authority of *Southern Railway Co.* v. *Reid, ante,* p. 424, notwithstanding certain differences in fact.

153 N. Car. 753, reversed.

THE facts, which involve the validity of a statute of North Carolina affecting common carriers, are stated in the opinion.

*Mr. Alfred P. Thom,* with whom *Mr. John K. Graves* was on the brief, for plaintiff in error in this case and in No. 487 argued simultaneously herewith (see p. 425, *ante*).

*Mr. Plummer Stewart* and *Mr. Jno. A. McRae* for defendants in error in this case and in No. 487 argued simultaneously therewith (see p. 429, *ante*).

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case involves a consideration of the statute of North Carolina passed on in No. 487, and was argued and submitted therewith. The question, then, only is whether the principles there expressed apply to it.

The action was brought by defendants in error, a copartnership, against the plaintiff in error, a railway company and a common carrier, for penalties under the statute, which is set out in the opinion in No. 487, to recover the sum of $50 a day for fifteen days for failing and refusing for such time to receive a carload of shingles tendered to the company at Rutherfordton, North Carolina, for shipment to one James Haddox, at Scottsville, Tennessee.

The case was tried before a jury, which rendered a verdict for the plaintiff firm (defendants in error) for the sum of $350, upon which judgment was duly entered. It was

affirmed by the Supreme Court, two of the members of the court dissenting as in No. 487. 150 N. Car. 753.

The statute is attacked on the same ground as in case No. 487. The facts, as recited by the Supreme Court, are as follows: Defendants in error having received an order for a carload of shingles from Haddox at Scottsville, Tennessee, applied at Rutherfordton to the railway company for a car. It was furnished and loaded, shipping instructions given, prepayment of the freight tendered and a bill of lading demanded. The agent of the company refused to give the bill of lading or ship the goods, assigning as a reason that he did not know where Scottsville was nor the road to it. Defendants in error demanded that the goods be shipped, and told the agent that they would pay any additional amount found to be due, and requested that when the agent got ready to ship to telephone them and they would come over and pay the freight due. Another agent "came to take over the agency, and being told, on inquiry of plaintiffs (defendants in error), about the carload of shingles and what the trouble was," he asked for instructions, which were given him, and on July 19th the freight was paid, the bill of lading given, and the shingles shipped as directed, "arriving at their destination without further let or hindrance." Defendants in error testified that they had received no pecuniary injury by reason of the delay, and that the first agent "still had charge of the depot when the shingles were shipped."

There was evidence offered on the part of the railway company that Scottville was an industrial siding on the Knoxville & Augusta Road eight or ten miles out of Knoxville, established for the convenience of persons shipping brick from that point, and that bills of lading for goods shipped to and from that point were made out at Rockford, a regular station, two miles distant. It was testified that since the consolidation of the East Tennessee & Virginia Railroad with the old Richmond & Danville, the

railway company (plaintiff in error) had paid all of the employés of the Knoxville & Augusta Road their salaries.

The statute was attacked by the railway company in its requests for certain instructions, the refusal to give which was sustained by the Supreme Court. The court intimated that, as had been held in a former opinion, the commerce clause of the Constitution was not involved in the case on the ground "that the penalty [under the statute] accrues before the 'freight is accepted for transportation,' and on the principle applied in the case of *Coe* v. *Errol,* 116 U. S. 517." But the court, conceding, *arguendo,* "that the goods when tendered for transportation to another State, as to matters involved in such transportation, and in reference to these penalty statutes, should be considered and dealt with as interstate commerce," was of opinion that the contention of the railway company could not be sustained, and concluded, after a careful discussion of cases in this court and in the state court, that the statute did not burden interstate commerce, and that, "in the absence of inhibitive congressional legislation, or of interfering action on the part of the Interstate Commerce Commission, the statute in question is a valid regulation in direct and reasonable enforcement of the duties incumbent on defendant as a common carrier."

We have shown in the opinion in No. 487, *ante,* p. 424, that there need not be directly "inhibitive congressional legislation," but congressional legislation which occupies the field of regulation and thereby excludes action by the State. *Northern Pacific Ry. Co.* v. *State of Washington, ante,* p. 370.

The facts in this case are somewhat different from those in No. 487 and require to be noticed. The majority of the court found that it did not appear from the testimony that the railway company had not filed its schedule of rates with the Interstate Commerce Commission to Scottville, Tennessee, the court observing that it could' "hardly be

seriously contended that the difference between Scott-
ville, Tenn., and Scottsville, Tennessee is of the sub-
stance." The court further said: "The presumption is
that the company has complied with the law. And if it
were otherwise, we are of opinion that the act of Congress,
and the orders of the Commission made thereunder, re-
quiring the publication of rates, was made for an entirely
different purpose from that involved in this inquiry, and
does not constitute such interfering action. See *Harrell*
v. *Ry.*, 144 N. C., pp. 540–541."

We have set forth in No. 487 our reasons for holding
otherwise.

Judgment reversed and the case remanded for further
proceedings not inconsistent with this opinion.

Mr. Justice LURTON does not agree with the court as to
the facts of this case, and for that reason does not think
that it falls under No. 487. He, therefore, dissents.