BEVILLE & VANSTORY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 27 March, 1912.)

1. Carriers of Goods—Connecting Lines—Live Stock—Bill of Lading—Execution—Evidence.

In an action to recover damages against a terminal railroad in a connecting line of carriers for injury to a shipment of live stock, there was evidence tending to show that the consignees had made a written demand upon said carrier and filed therewith the bill of lading purporting to be that of the initial carrier, which bill of lading was shown to a witness for the plaintiff, who testified that it was the one under which the shipment was made: *Held*, sufficient to admit bill of lading as evidence, without the necessity of showing its execution by the initial carrier, and that if the defendant desired to test the competency of the witness to testify or to, test his knowledge of the facts, it should have been done by a preliminary examination.

2. Carriers of Goods — Live Stock — Connecting Lines — Terminal Carriers—Possession—Principal and Agent—Evidence.

Where there is a nonsuit upon the evidence, in an action against a delivering carrier for damages in transit to live stock shipped over several roads, the possession of the live stock by that carrier, and its conduct and dealings with the consignee with reference to the shipment, were held to be sufficient evidence of the authority of the defendant's agent, upon whom

demand had been made, to settle the loss, without the necessity of introducing the bill of lading of the initial carrier under which the shipment was made.

3. Carriers of Goods—Connecting Carriers—Live Stock—Delivery in Bad Condition—Presumptions—Burden of Proof.

When a shipment of live stock is made over connecting lines of carriers, and delivered in bad condition to the consignee, there is a presumption, in an action for damages against the delivering carrier, that the injury occurred on its line, under the principle that, as between the plaintiff and defendant the latter is peculiarly in a position to know the facts, the burden of proof should rest on it.

APPEAL by plaintiffs from *Whedbee, J.,* at October Term, 1911, of CUMBERLAND.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Sinclair & Dye for plaintiffs.*
*Rose & Rose for defendant.*

WALKER, J. This action was brought to recover damages for injury to live stock, alleged to have been shipped from Kansas City, Mo., and consigned to the plaintiff at Fayetteville, N. C. There was judgment of nonsuit upon the evidence, and plaintiff appealed. The stock was received at its final destination and delivered to the plaintiffs by the defendant, the last of the carriers, in a badly damaged condition, and there was evidence that the damage amounted to at least $350. Plaintiffs handed to their witness, W. A. Vanstory, one of the plaintiffs, a paper, and asked him if it was the bill of lading for this shipment, and he said that it was, and that the bill of lading had been filed with the defendant when the plaintiffs made the claim for damages and as a part thereof. The case states that the plaintiffs proposed to introduce the bill of lading as evidence, and defendant objected, because there had been no proof of its execution, and for this reason it was excluded by the court. But we do not see why it had not been sufficiently shown by the witness Vanstory to be the bill issued to the plaintiffs, and, therefore, admissible as evidence. If the defendant wished to test the competency of the witness to speak in regard to it, the

proper method was by a preliminary examination. As the evidence now stands, the bill should have been admitted. We do not see, though, that it is material to decide whether it was competent or not.

There is evidence tending to show that the defendant was in possession of the stock as a common carrier. Its conduct and dealings with the plaintiffs with reference to the shipment is some proof of this; and there was abundant evidence upon the question of damages.

It was not necessary to inquire as to the authority of the defendant's agent at Fayetteville, N. C., to settle with plaintiffs upon the basis of $350, there being other proof that the plaintiffs had sustained loss to that amount. Upon a motion to nonsuit, this is sufficient to carry the case to the jury. Reasonable inferences to be drawn from the testimony tend to show that the defendant received the stock, en route, at Augusta, Ga., after they had been unloaded, watered, and fed, and that they were then in good condition, for the witness Champlain testified that he was the defendant's yardmaster at Augusta, and that "no exception was made to the stock" and "the car was accepted and forwarded in apparently good condition." There was evidence tending to show the contrary, and that the stock was not injured while in the possession of the defendant. But all this conflicting evidence was for the jury to pass upon, and not for the court by a judgment of nonsuit. It should have been considered most favorably for the plaintiffs, there being a presumption that the injury occurred on defendant's line. *Manufacturing Co. v. R. R.,* 121 N. C., 514; 128 N. C., 284; *Mitchell v. R. R.,* 124 N. C., 236; *Meredith v. R. R.,* 137 N. C., 488; *Furniture Co. v. Express Co.,* 144 N. C., 639.

It is a rule of law that when a particular fact necessary to be proved is peculiarly within the knowledge of one of the parties, upon him rests the burden of proof as to it, and the rule has been applied to a shipment of goods by connecting lines of carriers, when a presumption arises that the carrier in whose possession the goods are found in a damaged condition caused the damage, it being all the proof the nature of the case permits to the plaintiff, and proof in exoneration of the carrier

being more accessible to him than to the plaintiff. *Furniture Co. v. Express Co., supra; Brintnell v. R. R.,* 32 Vt., 665; Moore on Carriers, pp. 490, 491; *Dixon v. R. R.,* 74 N. C., 538; *Lindley v. R. R.,* 88 N. C., 547.

We think there was sufficient evidence in the case, if found to be true, to fasten liability on the defendant as the carrier responsible for injury to the stock. There was error in ordering a nonsuit. It will be set aside and a new trial granted.

New trial.