MRS. L. B. FORNEY v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 9 December, 1914.)

**Common Carriers—Bills of Lading—Written Claim—Reasonable Stipulations —Damages—Penalty Statutes.**

Stipulations in the bill of lading of a common carrier that it would not be liable for loss or damage or delay in the shipment unless claim is made in writing, etc., within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed," are regarded as a reasonable protection to the carrier, and under the circumstances of this case it is *Held*, the failure of the plaintiff to comply with these stipulations as to the written claim bars his right to recover damages and the statutory penalty.

APPEAL by defendant from *Long, J.,* at March Term, 1914, of CLEVE-LAND.

Civil action to recover damages and penalty for the loss of a box of merchandise shipped to plaintiff on 7 October, 1911, from Hopkinsville, Ky., to Shelby, N. C.

The plaintiff recovered judgment, and the defendant appealed.

*Ryburn & Hoey for plaintiff.*
*Walter H. Neal and D. Z. Newton for defendant.*

BROWN, J. The bill of lading for the box contains this clause: "Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made, the carrier shall not be liable."

The evidence shows that the box was addressed to Mrs. Lewis Forney, and that it arrived at defendant's station of Shelby, N. C., on 30 October, 1911. On the bill of lading the consignee's name was given as Mrs. Lewis Fooney. Notice of arrival was duly mailed, addressed to Mrs. Lewis Fooney, Shelby, N. C. The box remained in Shelby until 13 June, 1912, unclaimed, and was after that taken to Charlotte and sold in the "Old Hoss" sale.

It is in evidence upon part of the plaintiff that from 20 October, 1911, to June, 1912, she telephoned frequently to the defendant's office in Shelby, making inquiries about this box, which she stated had been shipped to her and which she was looking for. The evidence of plaintiff shows that she failed to file any claim for loss or damage with the defendant until August, 1913, when a claim in due form was filed and not paid.

167—41

BRITTAIN *v.* R. R.

We are of opinion that the stipulation in the bill of lading bars a recovery. Such stipulations are regarded as a reasonable protection to the common carrier. A stipulation requiring the claim to be filed within thirty days is held to be unreasonable, but in the same case it is said: "We deem it proper to state that we are inclined to think that in analogy to the ruling as to telegraph and express companies, a stipulation requiring a demand to be made within sixty days after notice of loss or damage would be reasonable." *Mfg. Co. v. R. R., supra,* has been cited with approval in the case of *Deane v. R. R.,* 152 N. C., page 172. *Sherrill v. Tel. Co.,* 109 N. C., 527; *Lewis v. Tel. Co.,* 117 N. C., 436.

In *Cigar Co. v. Express Co.,* 120 N. C., 350, *Clark, J.,* says: "We are inclined to think, in analogy to the ruling as to telegraph companies, that a stipulation would be reasonable that the consignor or consignee should make his demand within sixty days after he has notice of his loss or damage that he intends to hold the carrier responsible for negligence or other default, so that the carrier may perpetuate the evidence of its shifting agents."

See, also, *Watch Co. v. Express Co.,* 120 N. C., 351; *Duvall v. R. R., ante,* 24; *So. Ry. Co. v. Reid,* 222 U. S., 431; *N. P. Ry. v. Washington,* 222 U. S., 370; *So. Ry. Co. v. Beam,* 222 U. S., 444.

Reversed.