J. A. PHILLIPS AND C. H. TEAGUE, TRADING AS PHILLIPS & TEAGUE,
v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 27 September, 1916.)

**1. Carriers of Goods—Bills of Lading—Written Demand—Limiting Liability—Reasonableness—Burden of Proof—Trials.**

A stipulation in a bill of lading denying the carrier's liability for damages unless written notice of such claim be filed within a specified period is in derogation of the common law, and while it will be upheld if reasonable, the burden of proof is on the carrier to show that it is.

**2. Carriers of Goods—Bills of Lading—Stipulations—Interstate Commerce—Federal Courts—Reasonableness.**

Where the stipulation in a bill of lading for an interstate shipment of goods, as to the liability of the carrier for damages if written demand has not been made on it for such damages within a specified time, is the subject of the controversy, the question is one governed by the Federal law, and under this, as well as under our State decisions, it is required that to be valid such stipulations must be reasonable.

**3. Same—Ten Days—Perishable Goods.**

A stipulation in an interstate car-load shipment of perishable goods, such as dewberries, exempting the carrier from liability to the shipper caused by its negligence, unless written claim for damages shall have been filed with its agent at the delivering point within ten days after its delivery, is unreasonable and unenforcible, according to our decisions, and will be so held in the absence of an authoritative ruling of the highest Federal court to the contrary. The effect of the adoption by the carrier of the bill of lading recommended by the Interstate Commerce Commission, containing the four months stipulation, discussed by WALKER, J.

**4. Carriers of Goods—Bills of Lading—Written Claim—Requisites.**

Where a stipulation in a bill of lading requiring written notice to be given the carrier's agent within a stated time, to enforce a demand for damages to the shipment, is reasonable, it is only necessary that the written claim shall be a plain and intelligible statement of the demand, and not that it be expressed in any particular form.

**5. Carriers of Goods—Consignment—Party Aggrieved.**

A shipper of goods on consignment may, as the party thereby aggrieved, maintain an action against the carrier for damages caused thereto by its negligence.

CIVIL ACTION tried before *Lyon, J.,* and a jury, at May Term, 1916, of CHATHAM.

Plaintiffs sued for damage to two car-loads of dewberries shipped by them over the defendant's and connecting lines of railways from Cameron, N. C., to Buffalo, N. Y., in June, 1912. They alleged that by reason of negligent delay on the part of defendant and its associate

carriers the berries became mouldy and they could not, on that account, be sold in the Buffalo market for the ruling price at the time of delivery. There was proof of the delay in transportation beyond the usual time and of depreciation of the berries. The bill of lading contained this clause: "Claims for loss or damage shall be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than ten days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event." One of the cars arrived at Buffalo, N. Y., 20 June, 1912, and the other 24 June, 1912, where they were delivered to J. H. Gail, the consignee, the berries having been shipped by plaintiffs on consignment. No claim for damages was filed within ten days after delivery of the goods at Buffalo, but a written claim was filed with the defendant on 6 September, 1912. Plaintiffs notified the defendant's agent at Cameron, N. C., orally, within the ten days after delivery of the berries to the consignee, that they would make a claim for damages.

At the close of all the evidence the court, on motion by defendant, entered a judgment of nonsuit, and plaintiffs appealed.

*H. A. London & Son for plaintiffs.*
*Murray Allen for defendant.*

WALKER, J., after stating the case: There was evidence of negligence for the consideration of a jury, and the only question left open is the one as to the validity of the clause in the bill of lading as to filing a claim for damages. The plaintiffs did not comply with this requirement, nor do we think compliance with it was waived by the defendant. The same question practically was presented in *Lytle v. Tel. Co.,* 165 N. C., 504, and it was said there: "A mere casual remark to the agent at Alta Pass that the message had been delayed, and some one would have to pay for it, was in no sense a claim or demand such as is contemplated by the contract. It was not in writing, as required by the stipulation, nor did it give any fair or adequate idea of her claim, being entirely too indefinite. The authorities we have cited, and they seem to be uniform, are clearly opposed to the contention that it is a sufficient compliance with the contract. The cases relied on by plaintiff are not applicable. The facts were not the same as those we have here." Similar stipulations in bills of lading and other contracts have been upheld provided they were reasonable. *Capehart v. R. R.,* 81 N. C., 438; *Mfg. Co. v. R. R.,* 128 N. C., 280. The burden of showing the reasonableness of stipulations in bills of lading limiting the liability of the carrier (where this can be done), or in derogation of the common law, is upon him. *Hinkle v. R. R.,* 126 N. C., 932. It is true that this was an interstate shipment, and is governed by the Federal law; but the highest court in

the Federal jurisdiction has held that while limitations of this sort are permitted, they must be reasonable. That Court said in *Mo. K. and T. Railway Co. v. Harriman,* 227 U. S., 657, 672, in respect to a provision in a bill of lading as to presenting claims: "The liability sought to be enforced is the 'liability' of an interstate carrier for loss or damage under an interstate contract of shipment declared by the Carmack Amendment of the Hepburn Act of 29 June, 1906. The validity of any stipulation in such a contract which involves the construction of the statute, and the validity of a limitation upon the liability thereby imposed is a Federal question, to be determined under the general common law, and as such is withdrawn from the field of State law or legislation. The liability imposed by the statute is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence. The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short," citing authorities. In that case the claim was required to be made within ninety days from the happening of any loss or damage, and was declared to be valid. And it was so held in *Express Co. v. Caldwell,* 21 Wall., 264, where the time limit was the same. In *Railway Co. v. Blish Milling Co.,* 36 S. C., 541, the time fixed for filing claims for damages was four months. The Court held in all those cases that the stipulation was a reasonable one, the Court saying in the last cited case: "The transactions of a railroad company are multitudinous and are carried on through numerous employees of various grades. Ordinarily, the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction. The purpose of the stipulation is not to escape liability, but to facilitate prompt investigation. And, to this end, it is a precaution of obvious wisdom, and in no respect repugnant to public policy, that the carrier by its contracts should require reasonable notice of all claims against it, even with respect to its own operations." See, also, *Grocery Co. v. R. R.,* 170 N. C., 241.

But we are not aware of any case, decided by the Supreme Court of the United States in which a provision for presenting claims like the one under consideration has been held to be valid, and in the absence of any such declaration by it, controlling the matter, we must decide according to our notion as to the law, especially where the point has

been well settled by precedents in this Court. We simply follow what has before been decided upon the same question. *Mfg. Co. v. R. R.,* 128 N. C., 280, is a very strong condemnation of the stipulation in the bills of lading given to the plaintiff in this case. There the time fixed for filing claims was thirty days after arrival and delivery. If that requirement was void, *a fortiori* those in the bills of lading issued to plaintiff are invalid, as the time limit in the latter is much shorter. The Court said in that case: "The defendant contends that the plaintiff is barred of any recovery on account of the following clause in the bill of lading, to wit: 'Claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event.' It is now well settled that all such contracts of limitation, being in derogation of common law, are strictly construed, and never enforced unless shown to be reasonable. *Mitchell v. R. R.,* 124 N. C., 236; *Hinkle v. R. R.,* 126 N. C., 932, and cases therein cited. This Court has said in *Wood v. R. R.,* 118 N. C., 1056, that 'such stipulations, contained in a contract, are a part of the contract, but they do not contain any part of the obligation of the contract. They are conditions, in the nature of estoppels, and, when enforced, operate to prevent the enforcement of the obligations of the contracts. Such restrictions, when reasonable, will be sustained. But, as they are restrictions of common-law rights and common-law obligations of common carriers, they are not favored by the law.' We do not think the stipulation under consideration is reasonable, and therefore it cannot be enforced. We deem it proper to state that we are inclined to think that, in analogy to the ruling as to telegraph and express companies, a stipulation requiring a demand to be made within sixty days after notice of loss or damage would be reasonable," citing cases. This Court, in *Deans v. R. R.,* 152 N. C., 171, approved the decision in *Mfg. Co. v. R. R., supra,* the limit of time allowed in each case being the same. See, also, *Cigar Co. v. Express Co.,* 120 N. C., 348; *Watch Co. v. Express Co., ibid.,* 351; *Capehart v. R. R., supra.*

Our attention was called, on the argument, to the fact that the Interstate Commerce Commission had strongly recommended the adoption by the defendant and other carriers of a uniform or standard bill of lading (which was approved by the Commission), containing among others the following clause: "Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier

shall not be liable." The first day of September, 1908, was indicated as the day for the new bill of lading to take effect, and be substituted for those in former use, and "the intervening period (27 June, 1908, to 1 September, 1908) is allowed for printing new bills and using those on hand." Reasons for suggesting the standard form are well stated by Hon. Martin A. Knapp, chairman of the Commission, in an opinion reported in 14 Interstate Commerce Reports, at p. 346, the standard bill of lading being set forth at p. 351 *et seq.* The defendant and other carriers, it appears, complied with the suggestion of the Commission and filed with it bills of lading conforming thereto. It would seem, therefore, that the bills of lading issued to plaintiffs by defendant were two of the old type, which were used by inadvertence or mistake. If the defendant, at the time of these shipments, had adopted the uniform bill of lading, it would supersede the obsolete ones, and, under such a bill, the plaintiff would have complied with its terms, as they filed their written claim within the time fixed by it. As the case must be tried again because of the error already pointed out, we need not pass upon this question; nor determine whether we can take judicial notice of the substitution of the new bill for the old one by filing the former with the Interstate Commerce Commission, under the principle stated in *S. v. R. R.,* 141 N. C., 846, and *Staton v. R. R.,* 144 N. C., 136.

We do not think the case of *Mitchell v. R. R.,* 84 S. E. (Ga.), 227, is a *decision* upon the validity of a clause in a bill of lading continuing the ten days limit for presenting claims. The reasonableness of the time was there admitted by the parties, and there was no point made about it, and the Court states that, "for this reason, the question need not be considered." The only matter involved was whether the stipulation was required to be supported by a consideration.

We do not see why, in respect of notice as to a claim for damages, there should be any real distinction between perishable products and other goods. If vegetables, for example, are damaged or partially spoiled when delivered, they will deteriorate rapidly, and a notice on the tenth day after arrival or delivery will be no more beneficial to the carrier than one at a much later time. The vegetables may, even at the expiration of so short a time, have been disposed of or entirely perished, and knowledge then acquired for the first time would be of no avail.

When these provisions as to the time for filing claims are valid, the written claim need not be expressed in any special way, so that it is a plain and intelligible statement of the demand. In respect to this matter, *Justice Hughes* said in *Railway Co. v. Blish Milling Co., supra:* "Granting that the stipulation is applicable and valid, it does not require documents in a particular form. It is addressed to a practical exigency, and it is to be construed in a practical way. The stipulation required

that the claim should be made in writing, but a telegram which in itself or taken with other telegrams contained an adequate statement must be deemed to satisfy this requirement." We so held in *Lytle v. Tel. Co., supra.*

The plaintiff having shipped the goods on consignment, can maintain this action, as the party interested or the one aggrieved by defendant's negligence; and there was evidence of sufficient delay to carry the case to the jury. *Rollins v. R. R.,* 146 N. C., 153.

There was error in ordering the nonsuit, which reverses the judgment and requires another trial.

New trial.