JOHN F. McLEAN, Exec'r. of JOHN McLEAN, J. S. MILLER, Trustee of the Church at NEW STIRLING, and others *v.* JOHN D. ELLIOTT and wife, MARY.

It is error in the Judge on a trial of a cause in the Court below, to submit the competency of a witness, as a question of fact for the jury.. The competency of a witness is a question for the Court, to be raised when he offers to testify, and to be determined by the Court.

If a witness to a will is interested as a legatee thereunder, he is a competent witness to prove the will, the effect being to deprive him of the legacy. (Bat. Rev. Chap. 119, Sec. 10.)

(*Wood* v. *Sawyer*, Phill. 273, cited and approved.)

DEVISAVIT VEL NON, as to a paper writing, propounded as the will of one John McLean, removed from the Superior Court of Iredell county, to the Superior Court of CATAWBA, where it was tried before *Mitchell, J.*, and a jury, at Fall Term, 1874.

The will of John McLean was ᵥproved in common form in in the Probate Court of Iredell county. Soon after, the defendants filed a *caveat* in the Superior Court, and his Honor ordered the following issues to be made up and submitted to jury, to wit:

1. Is the paper writing propounded, or any part thereof, and if a part and not the whole, what part, the last will and testament of John McLean, deceased?

2. Is William B. Pressley, one of the subscribing witnesses to said paper writing, interested under said paper writing, in any property which purports to be devised and bequeathed in said paper writing; and if so, in what property and for what interest or estate?

The propounders moved to strike out the second of the above issues; to which the counsel of the caveators objected, stating that they expected to prove on the trial, that the said William B. Pressley was, at the time the same was signed and he became a witness, and still is, the Pastor, or officiating minister of New Stirling Church, mentioned in said will, and

as such minister, would be entitled under the will, if it was established, to an interest in the property therein bequeathed.

His Honor ordered the said issue to be stricken out; and the case was removed to the Superior Court of Catawba for trial.

At the hearing, the caveators moved to re-instate the issue, before stricken out, which motion was refused, and the parties went to trial upon the first issue. On the trial it was proved that the property of the testator, exclusive of that bequeathed to his sister Mary, the *feme* caveator, consisted of a tract of land, with about $1,000 worth of solvent credits, with a small quantity of wheat and corn. It was also in evidence, that Wm. B. Pressley, the witness to said paper writing, was at the time of witnessing the same, and still was, a minister of said New Stirling Church, and as such received a salary from the members of said church. (The testator had devised and bequeath to that church, the residue of his estate, after giving his sister a legacy, directing that the annual interest or proceeds of the bequest be appropriated yearly to the support of the minister.)

The caveators asked His Honor to instruct the jury:

1. That said Stirling Church and the congregation as named and described in the will, was not such a person as could take under the will; and that the will was void for the want of a legatee and devisee, such as could take the property bequeathed and devised.

2. That if they believed from the testimony, that Wm. B. Pressley, one of the subscribing witnesses to said will, was interested, and entitled under the will to any of the property therein bequeathed or devised, they should find against the will as to the property and interest that was so bequeathed to him.

His Honor refused so to charge. Upon the issue submitted, the jury found for the will. Rule for a new trial; rule discharged. Judgment and appeal by the caveators.

*Folk & Armfield* and *Scott & Caldwell*, for caveators.
*Furches* and *M. L. McCorkle*, contra.

BYNUM, J.   1. The second issue submitted by the caveators, was, "Is W. B. Pressley, one of the subscribing witnesses to to the paper writing, interested under it, and if so, in what property and for what interest or estate." This issue, on the motion of the propounders, was struck out by the Court. It is a novel proceeding, to attempt to submit the competency of a witness, as a question of fact for the jury. His competency is a question for the Court to be raised when he is offered as a witness and to be then determined by the Court. If the law were otherwise, a law suit would be almost interminable.

2. Was Mr. Pressley a competent witness to establish the will? Even assuming that he was interested as a legatee under the will, yet Bat. Rev. chap. 119, sec. 10, in express terms, makes him a competent witness to prove the will, the effect being to deprive him of the legacy, after the will is established. Whether he does take an interest under the will, is not now a question before the Court. If doubts are entertained upon that point, by those who are interested, and a construction of the will, by the Court, is desired, proceedings to that end must be properly instituted. Ingenious and well considered arguments, upon the proper construction of the will, are submitted by the counsel for the propounder, but we are precluded by the rules of this Court, from entering upon an inquiry wholly collateral to the issues now before the Court. *Woods* v. *Sawyer*, Phil. Law, 273.

There is no error.

PER CURIAM.                          Judgment affirmed.