D. L. RUSSELL v. FRANK D. KOONCE.

*Agency— Contract—Damages.*

> If one falsely represents himself as the agent of another, and, in that
> capacity, enters into a contract with a third party, which the
> alleged principal repudiates, the agent does not thereby become
> liable upon the *contract*, unless he receives the consideration, in
> which event an implied promise to pay arises, but he may be liable
> *for damages* arising from his false assumption of authority.

This is a CIVIL ACTION, tried before *Connor, J.*, at the April
Term, 1887, of the Superior Court of NEW HANOVER.

The plaintiff brought this action against the defendant
and one Anthony Davis, to recover compensation for profes-
sional services rendered Davis, upon the request of the
defendant Koonce, who, it was alleged, was authorized to
contract for Davis in that behalf.

Davis denied that he ever employed the plaintiff or
authorized his co-defendant to do so, and Koonce, admit-
ting that Davis had given him no such authority, and that
he had requested the opinion of the plaintiff upon the matter
submitted, denied the existence of any contract, express or
implied, on his part, to pay for said services. He further
pleaded, by way of counter-claim, *new matter*, arising out of
another transaction with plaintiff, and occurring subsequent
to the plaintiff's cause of action, to which plaintiff inter-
posed a demurrer.

When the appeal in this case was before the Court at the
last term, for reasons set out in the opinion then announced
it was remanded to the Court below, with leave " to the par-
ties to proceed to make the case up, as from the rendition
of the judgment, in the mode prescribed by law." It is now
before the Court and comes from the hand of the Judge
who tried the cause, and is as follows:

Besides the ground specially stated in the plaintiff's demurrer to the counter-claim of the defendant Koonce, plaintiff was permitted to assign as additional ground of demurrer that the counter-claim, as appeared by its face, did not constitute a cause of action, and that it alleged a promise against the plaintiff to pay the debt of another, which promise did not appear to be in writing. The Court sustained the demurrer to the counter-claim. Defendant Koonce then asked leave to amend the counter-claim, asserting that he would connect it with the subject of this action, a proper defence. The Court refused the amendment, it appearing that the alleged counter-claim arose out of transactions arising subsequent to the subject matter of this action.

The issues submitted to the jury, without exceptions, together with their responses to the same, were as follows:

1. Did defendant Koonce employ the plaintiff to render services for the defendant Davis? Answer, Yes.

2. Was Koonce the authorized agent of Davis to employ the plaintiff? Answer, No.

3. Did Koonce represent to the plaintiff that he was authorized to employ plaintiff, and did plaintiff accept the employment with that understanding? Answer, Yes.

4. What were the services reasonably worth? Answer, Two hundred and fifty dollars.

After the evidence was all in, the plaintiff entered a *nol. pros.* as to the defendant Davis. There were no instructions, either written or oral, requested by defendant Koonce, until the Judge had concluded his charge to the jury and they had retired, when the defendant offered some writings, which the Court declined to entertain.

On the trial the plaintiff introduced the following letter, which was admitted by defendant Koonce to have been written by him:

"RICHLANDS, N. C., November, 30, 1882.
"*Hon. D. L. Russell, Wilmington, N. C.:*

"MY DEAR SIR—I have been requested by Mr. Anthony
Davis, of Lenoir County, to consult you and obtain your
legal opinion upon the validity of a last will and testament,
which bestows the testator's entire estate, real and personal,
upon the County Commissioners and their successors in
office, in trust perpetually, for the following uses and pur-
poses:         *         *         *         *         *         *

"The County Commiss oners not being under a bond
presents a difficulty, and having given you the main features
of what is wanted, you may make suggestions which may
be of much advantage.   To be plain, Mr. Davis wishes to
dispose of his estate by will in the manner indicated, and
he has taken the opinion of two or three leading members
of the Newbern and Kinston bars, and, as I am informed,
there is a conflict in the views of these gentlemen as to the
powers of a testator to make such a will, and, also, to prop-
erly secure the fund, if there should be no doubt about the
validity of such a will.   Please give the matter proper con-
sideration and let me have your opinion at your earliest
convenience.   *   *   *   Designate the amount of your fee
for your opinion, and I will collect and send it to you as
soon as I see Mr. Davis.   He wishes the matter to be kept
a profound secret.

"Yours truly,

"F. D. KOONCE."

The defendant Davis, being examined, testified that he
had never authorized Koonce to employ the plaintiff, and
the defendant Koonce testified that he had never been
authorized by Mr. Davis to do so, but that, in conversation
with Mr. Davis in regard to the will, he (Koonce) had said
to him that he would see and consult with plaintiff in
regard to the will, but that he had no authority from Davis

to make any contract with or employ him. The plaintiff testified that, in compliance with the letter, he accepted the employment, and prepared an opinion and forwarded the same to the defendant Koonce.

Several attorneys testified as to the value of the services rendered by the plaintiff.

The Court instructed the jury that their response to the first issue would be controlled by the terms of the letter written by the defendant Koonce, and that, as a question of construction, they were instructed to answer it in the affirmative.

That, as to the second issue, it being conceded by defendant Koonce that defendant Davis did not authorize him to employ plaintiff, they should answer the issue in the negative.

That, as to the third issue, the letter did, as a matter of law, represent that defendant Koonce was authorized to employ plaintiff, and the plaintiff had testified, without contradiction, that he did accept the employment and performed the services requested by said letter.

That, as to the fourth issue, they should consider the evidence as to the value of the service rendered, and answer the issue accordingly.

Upon the verdict there was judgment for the plaintiff, from which the defendant appealed.

*Mr. S. C. Weill*, for the plaintiff.
*Mr. John Devereux, Jr.*, for the defendant.

SMITH, C. J.—after stating the case: The demurrer was properly sustained to the defendant's counter-claim, and that for the reason stated, that it arose out of transactions occurring after the institution of the action, as appears upon its face. The refusal to allow an amendment, which, as defendant insisted, would connect it with the plaintiff's cause of

action, was unreviewable exercise of a discretionary power vested in the Judge. The responses of the jury to the issues submitted to them, without objection, cover the entire ground of controversy.

The writings which, as exhibit "A," are annexed to the case, were not offered in evidence during the trial, nor were any instructions asked for by the appellant until the jury, after hearing the charge, had retired, and at this stage of the trial these papers were offered to be heard and the presiding Judge declined to receive them. In this there is no error.

The pleadings and the evidence show no personal contract to have been entered into by the appellant to bind himself to pay for the professional services desired, but he represented himself as authorized by Davis, who had the benefit of them, to employ the plaintiff, and throughout he professed to act as agent only. The defendant does not become individually liable because his authority to bind his principal is disowned by the latter, unless the consideration is received by the agent, out of which arises an implied promise to pay. *Potts* v. *Lazarus*, 2 C. L. Rep., 83 (180); *Delvies* v. *Canthorne*, 2 Dev., 90. In such case the agent may become personally answerable upon the contract, but otherwise the action must be for damages for his false assumption of authority to act.

The present action proceeds upon the idea that, if the principal be not bound, the agent is, for the services rendered; or, in other words, if the contract does not bind the one, it binds the other. The result in damages may be the same, but the liability does not rest upon any such foundation, for the obvious reason that no such personal contract is formed. No objection is made on this score, and we let the judgment stand, as no exception is taken, but with the explanation made above. There is no error, and the judgment is affirmed.

Affirmed.