HOUSE v. SEABOARD AIR LINE RAILROAD COMPANY.

(Filed October 7, 1902.)

1. NONSUIT—*Dismissal—Evidence.*

On a motion for a nonsuit, the evidence of the plaintiff must be accepted as true, and all the evidence must be construed in the most favorable light to him.

2. CONTRIBUTORY NEGLIGENCE—*Questions for Jury—Personal Injury—Railroads.*

In an action against a railroad company for personal injuries, the question of contributory negligence is for the jury if there is a conflict in the evidence.

3. CONTRIBUTORY NEGLIGENCE—*Directing Verdict—Burden of Proof—Acts 1887, Chap. 33.*

In an action against a railroad company for personal injuries, the burden of proving contributory negligence being on the defendant, the trial court can not direct a verdict for the defendant.

ACTION by J. W. House against the Seaboard Air Line Railroad Company, heard by Judge *M. H. Justice,* at January Term, 1902, of the Superior Court of FRANKLIN County. From judgment of nonsuit, the plaintiff appealed.

*F. S. Spruill,* for the plaintiff.
*Day & Bell,* for the defendant.

COOK, J. Upon the conclusion of the evidence, defendant moved the Judge to instruct the jury that, considering all the evidence, it would be their duty to answer the second issue, to-wit, "Did plaintiff, by his own negligence, contribute to his own injury "—"Yes." The Judge thereupon intimated that he would so hold and so instruct them; plaintiff submitted to a nonsuit and appealed.

After carefully reading the evidence of plaintiff and that of defendant (69 pages of the printed record), we find it to be very conflicting. If the evidence of plaintiff be believed (and it must be accepted as true and all the evidence construed in the most favorable light to him upon a motion to nonsuit), then the jury would be warranted in finding that he was not negligent. While, if that of plaintiff be not believed, and that of defendant should be believed, then the jury would be warranted in finding that he was negligent, and but for such negligence the injury would not have occurred. What is negligence or contributory negligence is a question of law upon a given or ascertained state of facts, to be decided by the Court. But when the facts are not ascertained, and are in dispute, then negligence becomes a mixed question of law and fact, and it is the duty of the Judge to leave the question of fact to be found by the jury under proper instructions concerning the rule of ordinary care, and to apply the law to the facts as they may find them. *Miller v. Railroad,* 128 N. C., 26, and cases there cited; *Moore v. Street Railway Co.,* 128 N. C., 455.

Here, the facts were not found and the evidence concerning them conflicting, with the burden of proving contributory negligence resting upon defendant. Acts 1887, Chap. 33. So, his Honor erred in ruling that he would direct the jury to answer the second issue "Yes." The principle that the Court can not direct a verdict in favor of a party upon whom rests the burden of proof, is now too well settled to admit of discussion. *Coy v. R. R. Co.,* 123 N. C., 604, and cases there cited.

Under Rule 31 of the Rules of Practice of this Court, plaintiff's motion is allowed, and the entire cost of printing the transcript on appeal will be taxed against defendant.

New Trial.