GLOBE YARN MILLS, INC., v. C. C. ARMSTRONG ET AL., TRADING AS GASTONIA COTTON COMPANY, AND G. M. McFADDEN ET AL., TRADING AS GEORGE H. McFADDEN & BROS. AGENCY.

(Filed 27 January, 1926.)

**1. Evidence—Contracts—Burden of Proof.**

Where plaintiff sues for damages for defendant's breach of contract in not furnishing cotton of a certain length bought under a certain name (Beza), and the evidence is conflicting, the burden of proof is upon the plaintiff to show the breach he alleges.

**2. Courts—Instructions—Verdict—Evidence—Burden of Proof.**

The court cannot direct a verdict for a party upon whom rests the burden of proof.

**3. Contracts—Bargain and Sale—Breach—Damages.**

A purchaser of goods must not only prove that the fraud he alleges was an inducement to the contract of sale, but must prove his damage as a result thereof.

**4. Contracts—Bargain and Sale—Goods Delivered—Disavowal of Contract.**

Where damages for breach of contract are sought in the action upon the ground that cotton of a certain length had been contracted for by purchaser, and that of a shorter staple had been delivered, it should appear that the purchaser had disavowed the purchase of the kind delivered within a reasonable time, under the facts of this case.

**5. Principal and Agent—Actions—Contracts—Evidence.**

Where the plaintiff's own evidence shows that a defendant in an action for breach of contract has therein acted as an agent for the codefendant, no recovery can be had against the agent alleged to have been a partner of his codefendant.

APPEAL by plaintiff from *Harding, J.,* at May Term, 1925, of GASTON.

The plaintiff is a corporation; the Gastonia Cotton Company and the McFadden Agency are partnerships. For a first cause of action the plaintiff alleges that in the month of October, 1921, the defendants contracted to deliver to it at Mount Holly in March, 1922, 100 bales of full 1 3-16 inch strict middling cotton, for which the plaintiff agreed to pay 33 cents a pound; that the defendants called the cotton "Beza," and that at the time of the sale the agent and representative of the defendants gave the plaintiff a description of the term "Beza," stipulating that the article so designated was 1 3-16 inch cotton and that the plaintiff relied upon this representation; also that the agent of the defendants warranted and guaranteed that the cotton to be delivered would be "full 1 3-16 inch cotton." It is further alleged that the date of delivery was postponed until June, 1922; that the plaintiff performed all the obligations resting upon it by reason of the contract, and that the defendants failed and refused to comply thereby, damaging the plaintiff in the sum of $2,000.

For a second cause, the plaintiff alleges that the defendants induced it to enter into the alleged contract by falsely and fraudulently representing that the word "Beza" meant full 1 3-16 inch cotton, well knowing the plaintiff's ignorance of the meaning of the word and the necessity of its relying upon the representations of the defendants; that these representations were made with the specific intent to defraud; and that the plaintiff was defrauded and damaged in the sum of $2,000.

The defendants filed separate answers, each denying the material allegations of the complaint and setting out the alleged contract and the correspondence between the parties. The contract describes the cotton as 100 bales with staple equal to type "Beza," strict middling.

At the conclusion of the evidence and after some of the counsel had argued the case to the jury the judge entered a judgment of nonsuit as to the Gastonia Cotton Company, and withdrew the 4th, 5th, 6th and 7th issues and submitted only the first three. The seven issues formerly agreed upon were as follows:

1. Did the defendants, George H. McFadden & Bros. Agency, contract and agree to deliver to the plaintiff 100 bales of full 1 3-16 inch strict middling cotton as alleged in the plaintiff's first cause of action? Answer: No.

2. If so, did said defendants breach said contract as alleged in the complaint? Answer: .............

3. What damages, if any, is the plaintiff entitled to recover by reason of said breach as alleged? Answer: .............

4. Did the defendants, Gastonia Cotton Company, falsely and fraudulently represent to the plaintiff that the cotton described in the contract referred to as Exhibit "P-1, was full 1 3-16 inch strict middling cotton as alleged in the plaintiff's second cause of action? Answer: .........

5. Did the defendants, Geo. H. McFadden, falsely and fraudently represent to the plaintiff that the cotton described in the contract referred to as Exhibit "P-1" was full 1 3-16 inch strict middling cotton as alleged in the plaintiff's second cause of action? Answer: .............

6. If so, was the plaintiff induced by said false and fraudulent representations to execute said contract, Exhibit "P-1" as alleged? Answer: .............

7. What damages, if any, is the plaintiff entitled to recover on the second cause of action? Answer: .............

Judgment for defendants from which the plaintiff appealed, excepting and assigning errors.

*Woltz & Woltz, George W. Wilson and John M. Robinson for plaintiff.*
*S. J. Durham for Gastonia Cotton Company.*
*Mason & Mason, Clyde R. Hoey and O. F. Mason, Jr., for George H. McFadden Bros. Agency.*

ADAMS, J. The appellees raise a serious question by asserting the insufficiency of the appellant's brief (Rule 28), especially with reference to the first alleged cause of action; but waiving the point and considering the exceptions we find no error which entitles the plaintiff to a new trial.

It will be observed that the cause first alleged is destroyed by the answer to the first issue. Four of the exceptions relating to this issue are addressed to a statement in the charge of various contentions made by the defendants; and under many approved and familiar decisions these exceptions under the facts disclosed cannot be entertained. The jury were instructed in effect that the burden was on the plaintiff to show by the greater weight of evidence that the contract was as the plaintiff contended; that is, that the plaintiff and Smoot entered into an agreement that type "Beza" should mean full 1 3-16 inch staple strict middling cotton and that Smoot guaranteed that any cotton shipped out on

the contract, by whatever name, should comply with this description; and if such were the facts the plaintiff would still have the burden of satisfying the jury that Smoot was either authorized to make the contract or that it was ratified by the McFadden Agency. These instructions were correct and, as suggested by the appellees, are not specifically impeached in the plaintiff's brief. Moreover, no special instruction was prayed by the plaintiff, and a familiar principle of practice forbids a directed instruction in favor of the party upon whom rests the burden of proof. *Cox v. R. R.,* 123 N. C., 604; *House v. R. R.,* 131 N. C., 103, 105.

The eleventh, twelfth, thirteenth, fourteenth, and fifteenth exceptions relate to the third and fourth issues, which were not answered. Upon the first cause of action the appellant has failed to show reversible error.

In the statement of his second cause of action the plaintiff says that the defendants induced him to enter into the alleged contract and that when he did so he was ignorant of the meaning of the word "Beza" and had to rely upon the defendants' definition of the word and their description of the cotton; also that they induced him "to enter into said contract" by representations which they knew to be false and fraudulent, and thereby damaged him in the sum of two thousand dollars. In substance he alleges that if in the contract of sale the word "Beza" means $1\frac{1}{8}$ inch staple and not 1 3-16, he was deceived and inveigled by the defendants into the execution of the contract.

His Honor withdrew from the jury the last four issues on the ground that the evidence was not sufficient to sustain any award of damages in answer to the seventh issue. The plaintiff refused to accept the cotton that had been shipped and the defendants wrote him they had paid the draft, had ordered the cotton to Charlotte, and would reserve the right to charge him with any resulting loss; and they say that he has suffered no loss and that his second cause of action cannot be upheld. It is significant that he makes no allegations as to the way in which the alleged loss was incurred.

Only two witnesses testified and they on behalf of the plaintiff; and the only testimony bearing on the question of the plaintiff's loss is that of R. F. Craig. He said: "I wanted full 1 3-16 inch cotton because I had sold the yarn on that basis. At the time of making the contract I told Mr. Smoot that I had a customer who had asked me to purchase 100 bales of cotton full 1 3-16 inch who wanted to try the yarn against some other yarn he was trying, and I am pretty sure I told him who the customer was. I am positive I told him that I wanted 100 B|C full 1 3-16 inch Mississippi cotton."

The price at which the plaintiff "sold the yarn on that basis" does not appear, or whether the plaintiff profited or lost by the sale. It does not

appear, in truth, whether the yarn was or was not delivered, or whether it was accepted or rejected. Certainly this testimony does not disclose a loss to the plaintiff. Craig testified, however, that at the time the plaintiff entered into the contract of sale 1⅛ inch staple cotton was selling for thirty cents a pound and full 1 3-16 inch cotton for thirty-three cents a pound; and he contends that he was damaged to the extent of three cents a pound by reason of the alleged fraud. The inference does not follow. The verdict shows there was no contract to sell 1 3-16 inch cotton, and the plaintiff has not paid thirty-three cents or any other sum for the cotton tendered; on the contrary it denies that it obligated itself to pay thirty-three cents for 1⅛ inch cotton; and if it has neither paid nor bound itself to pay thirty-three cents for 1⅛ inch cotton it cannot be damaged by the fact that 1⅛ inch cotton was worth only thirty cents. We think the evidence is not sufficient to warrant a new trial on the ground of alleged loss or damage.

It may be said in addition that the evidence of fraud is not convincing. The contract of sale is dated 22 October, 1921. Craig testified that within 30 or 60 days thereafter he again examined the sample and was then informed by Holland and others in the office that it was not 1 3-16 inch staple and that the defendants "did not put it up for that." He said he communicated this information to the defendants immediately, but explained on the cross-examination that he first mentioned the matter to them on 11 May, 1922. Meantime, on 28 February, the plaintiff requested that the shipment be postponed and on 15 April assured the defendants it would take every bale as soon as shipping instructions were received. This hardly has the appearance of a prompt disavowal of the contract. There are other circumstances not less significant. It is very doubtful, also, whether there is adequate evidence of a fraudulent intent on the part of Smoot; indeed, Craig's testimony affords strong evidence to the contrary.

Upon the whole record we are of opinion that the judgment of nonsuit as to the Gastonia Cotton Company is free from error. They acted in the capacity of agents and the agency was disclosed. Craig testified that he was the president and acting treasurer of the plaintiff corporation and that the contract was made, not with the Gastonia Cotton Company, but with the McFadden Agency. *Hite v. Goodman,* 21 N. C., 364; *Fowle v. Kerchner,* 87 N. C., 49; *Russell v. Koonce,* 104 N. C., 237; *Leroy v. Jacobosky,* 136 N. C., 443; *Hicks v. Kenan,* 139 N. C., 337.

We find

No error.