The plaintiff instituted a suit upon certain promissory notes executed and delivered to it by Nellie Horne McCullers, wife of Dr. E.H. McCullers, and secured judgment thereon at the April Term, 1929, of the Superior Court of Johnston County. On 27 June, 1929, the present action was instituted and it was alleged in the complaint that after the rendition of said judgment the defendant had conveyed to her husband certain land described in the complaint with intent to hinder, delay and defraud the plaintiff in the collection of said judgment. It was also alleged that after the rendition of said judgment the defendant, Nellie Horne McCullers, had confessed judgment in favor of her husband in the sum of $2,600. The plaintiff asked that the deeds and the confession judgment be set aside. The defendants filed an answer denying the allegations of the complaint. The defendant, Nellie Horne McCullers, died pending suit and her executrix, Melba McCullers Misenheimer, was made a party to the action, who also filed an answer alleging that said conveyance and confession of judgment were made in good faith and for full consideration. Thereafter, the plaintiff amended the complaint alleging that the deeds from Nellie Horne McCullers to her husband, Dr. E.H. McCullers, were void for failure to comply with C. S., 2515. The cause came on for trial and the records show the following entry: "That at the November Term, 1930, Special Term of the Superior Court of Johnston County, said cause came on regularly for trial. The jury was selected, and upon the reading of the pleadings, the plaintiff moved for judgment, and the court being of the opinion that the plaintiff was entitled to recover, directed a verdict in favor of plaintiff," etc.
From judgment so rendered the defendants appealed.
The burden of proof upon the allegations in the complaint and amended complaint was upon the plaintiff, and in such cases the correct principles of practice forbid a directed instruction upon the pleadings in favor of the party upon whom the burden of proof rests. House v. R. R., 131 N.C. 103;Yarn Mills v. Armstrong, 191 N.C. 125. The record shows that in a counter-statement of case on appeal by the plaintiff it appears that the deeds from Nellie Horne McCullers to her husband were offered in evidence, and that said deeds show a failure to comply with C. S., 2515. However, it is obvious that the judgment was rendered upon the pleadings.
Error. *Page 593