MARIE BARRETT v. JOHN T. WILLIAMS ET AL.

(Filed 1 March, 1939.)

1. **Adverse Possession § 4g—When devise to heir is void because he was witness to the will, his possession and the possession of those claiming under him may be adverse to contingent remainderman under the will.**

   The *locus in quo* was devised to defendant's grantor in fee subject to be divested if he died without issue.  Defendant's grantor was a witness to the will.  Defendant went into possession of the *locus in quo* under claim of right under his deed some thirty-eight years prior to the institution of this action.  Defendant's grantor died without issue, and this action in ejectment was instituted by the heir of testator entitled to the land under the will upon defeasance of the fee of defendant's grantor.  *Held:* Defendant's grantor did not go into possession under the devise, as this was avoided by the statute, C. S., 4138, and a peremptory instruction on the issue of adverse possession pleaded by defendant was error.

2. **Adverse Possession § 6—**

   The fact that a person claiming by adverse possession suffers the *locus in quo* to be sold for taxes and bought in at the sale by his wife with money furnished by him is not such a break in the continuity of possession as to preclude the submission of the issue to the jury.

APPEAL by defendants from *Thompson, J.,* at November Term, 1938, of PASQUOTANK.

Civil action in ejectment or for redemption and accounting.

The plaintiff claims title under her grandfather's will, which was probated in 1879. In it the testator, J. S. Jones, devised 50 acres of his home place to his youngest daughter, S. Gertie Jones, and the remaining 50 acres to his youngest son, Newton A. Jones, one of the witnesses to the will. Both devises are in severalty and in fee, and followed by the proviso, "that if either Gertie or Newton should die without a lawful heir of their own body, or of the issue of same, the other heirs the whole farm." In 1891, Gertie, who in the meantime had married M. Sweet, joined with her husband in a deed to Newton A. Jones, conveying, with covenants of warranty and seizin, the 50 acres specifically devised to her. Thereafter, by three separate deeds, two executed in 1899 and one in 1900, all with covenants of warranty and seizin, Newton A. Jones conveyed the entire home place to the defendant, John T. Williams, who thereupon entered and has since remained in the possession of said lands claiming full enjoyment thereto.

In 1931, after the death of Newton A. Jones, the defendant defaulted in the payment of the taxes due on said lands, with the consequence of a tax foreclosure proceeding resulting in investure of title in defendant's wife, the defendant advancing the money, etc.

The plaintiff is the only child and heir at law of Mrs. M. Sweet, *nee* S. Gertie Jones, who died approximately 46 years ago. Newton A. Jones died on or about 12 January, 1931, without a lawful heir of his body or the issue of same. The plaintiff claims the 50 acres originally devised to Newton A. Jones by virtue of the proviso contained in her grandfather's will.

This action was instituted 22 June, 1937.

From a directed verdict and judgment thereon, the defendant appeals, assigning errors.

*McMullan & McMullan for plaintiff, appellee.*
*John H. Hall and M. B. Simpson for defendants, appellants.*

STACY, C. J. The appeal has been presented with much learning and industry on the part of counsel.

Conceding without deciding that the plaintiff has made out a *prima facie* showing of title under the terms of her grandfather's will, still it would seem that the case should have been submitted to the jury on the defendant's claim of adverse possession. There is evidence that Newton A. Jones, being a witness to his father's will, did not enter into possession of the *locus in quo* under the devise to him, as this was avoided by the statute, C. S., 4138, *McLean v. Elliott*, 72 N. C., 70, that he later purchased his sister's half of the farm and then sold the entire

tract to the defendant, and that the defendant has been in possession since 1899 or 1900 under claim of right, etc. This evidence would seem to be sufficient to preclude a peremptory instruction on the issue of adverse possession. *Dorman v. Goodman,* 213 N. C., 406, 196 S. E., 352.

The trial court may have concluded that the defendant's claim of adverse possession was defeated by the tax foreclosure proceeding instituted after the death of Newton A. Jones, but on all the evidence we think the issue is one for the jury. *Hayes v. Cotton,* 201 N. C., 369, 160 S. E., 453; *Power Co. v. Taylor,* 194 N. C., 231, 139 S. E., 381.

New trial.