MARIE BARRETT v. JOHN T. WILLIAMS ET AL.

(Filed 28 February, 1940.)

1. Adverse Possession §§ 4g, 19—Directed verdict in favor of defendant claiming by adverse possession held error.

The land in question was devised to defendant's grantor by defeasible fee, which was defeated by the death of the grantor without issue. However, the devise was void because the grantor was a witness to the will. There was evidence that the grantor, nevertheless, went into possession claiming as devisee under the will. *Held:* If the grantor went into possession claiming under the will his possession and the possession of defendant claiming under him would be permissive and not adverse to the contingent remainderman up to the time of the grantor's death, and fur-

ther, the burden being upon defendant to prove title by adverse posses-
sion, a directed verdict in his favor is erroneous.

**2. Adverse Possession § 18—Evidence held competent to show that claim-
ant recognized termination of right to possession upon termination of
his grantor's defeasible fee.**

The land in question was devised to defendant's grantor by defeasible
fee, which was defeated by the death of the grantor without issue. How-
ever, the devise was void because the grantor was a witness to the will.
After the grantor's death, defendant permitted the land to be sold for
taxes and bought in by his wife with money furnished by him. *Held:*
The tax foreclosure is some evidence that defendant's possession was not
adverse to the person claiming under the contingent remainderman, but
that the possession was in subordination to the legal title.

**3. Trial § 27b—**

It is rarely, if ever, permissible for the court to direct a verdict in
favor of a party upon whom rests the burden of proof.

APPEAL by plaintiff from *Thompson, J.,* at January Term, 1940, of
PASQUOTANK.

Civil action in ejectment and for redemption and accounting.

From a directed verdict in favor of defendants, the plaintiff appeals,
assigning errors.

*McMullan & McMullan for plaintiff, appellant.*
*M. B. Simpson and John H. Hall for defendants, appellees.*

STACY, C. J. This is the same case that was before us on defendants'
appeal at the Spring Term, 1939, reported in 215 N. C., 131, 1 S. E.
(2d), 366, when a new trial was ordered for error in directing a verdict
for the plaintiff. Reference to the previous report of the case will suffice
for statement of the principal facts.

The present record differs from the one on the former appeal in two
particulars:

1. Upon the hearing "it was agreed and stipulated that the testator,
J. S. Jones, left him surviving 5 children, to wit, Mrs. Josephine Spence,
George Jones, Samuel Jones, Neut A. Jones, and S. Gertrude Sweet, who
was the mother of the plaintiff."

2. It is conceded that defendants' possession of the lands in dispute
since 1900 has been "open, notorious, continuous and exclusive."

The pivotal point on the defendants' claim of title by adverse posses-
sion goes back to the character of Newton A. Jones' possession in 1879.
If he entered into possession of the *locus in quo,* claiming it, *pro hac
vice,* as devisee under his father's will—and there is some evidence of
this—then his possession and those claiming under him up to the time
of his death would be permissive rather than adverse to plaintiff's rights
under the ulterior limitation. Moreover, the tax foreclosure proceeding

instituted after the death of Newton A. Jones is evidence in support of plaintiff's contention that while defendants' possession has been "open, notorious, continuous and exclusive," since 1900, nevertheless it has not been adverse to her rights, but rather in subordination to the legal title. *Hill v. Bean,* 150 N. C., 436, 64 S. E., 212; *Shaffer v. Gaynor,* 117 N. C., 15, 23 S. E., 154.

Then, again, in respect of defendant's claim of title by adverse possession, the burden of proof rests upon the defendants. *Hayes v. Cotton,* 201 N. C., 369, 160 S. E., 453. It is rarely, if ever, permissible for the court to direct a verdict in favor of a party upon whom rests the burden of proof. *Reed v. Madison County,* 213 N. C., 145, 195 S. E., 620; *Yarn Mills v. Armstrong,* 191 N. C., 125, 131 S. E., 416; *House v. R. R.,* 131 N. C., 103, 42 S. E., 553; *Cox v. R. R.,* 123 N. C., 604, 31 S. E., 848; *Eller v. Church,* 121 N. C., 269, 28 S. E., 364.

It also appears, contrary to the former record, that the testator, J. S. Jones, died leaving him surviving five children. This would become important in case the jury should find that Newton A. Jones entered into possession of the forfeited estate claiming it other than in subordination to the provisions of the will.

On the record as presented, there was error in directing a verdict for the defendants.

New trial.