## H. J. HAYWOOD v. THE HOME INSURANCE COMPANY.

### (Filed 20 December, 1940.)

**1. Trial § 27b: Insurance § 25c—Directed verdict may not be given in favor of party upon whom rests the burden of proof.**

In an action on a policy of fire insurance on an automobile, the burden is on plaintiff to prove insurance, loss by fire and damage; and therefore a direction that the jury answer the issues of insurance and loss by fire in favor of plaintiff is error, since the credibility of the evidence is for the jury; and it is also error for the court to fail to place the burden of proof on the issue of damages on plaintiff.

**2. Trial § 29c: Evidence § 6—**

The burden of proof is a substantial right, and the failure of the charge to properly place the burden of proof is reversible error.

APPEAL by defendant from *Sinclair, Emergency Judge,* at May Term, 1940, of CUMBERLAND. New trial.

Action to recover on a fire insurance policy on an automobile. Plaintiff alleged the execution of the policy and the loss of the automobile by fire. Defendant denied the loss by fire as alleged. Issues addressed to the questions of (1) insurance, (2) loss by fire, and (3) amount of loss were submitted to the jury and answered in favor of the plaintiff. From judgment on the verdict, defendant appealed.

*John H. Cook and Henry L. Anderson for plaintiff, appellee.*
*Helms & Mulliss, Oates & Quillen, and Robert H. Dye for defendant, appellant.*

DEVIN, J. Defendant's principal assignment of error relates to the judge's charge. With reference to the first and second issues the court instructed the jury as follows: "I direct you to answer the first issue 'Yes,' and the second issue 'Yes.'" The exception to this instruction must be sustained. The defendant's denial placed the burden on the plaintiff to prove his case by the greater weight of the evidence, and it was error for the trial judge to direct a verdict in favor of the plaintiff without leaving it to the jury to determine the credibility of the testimony. McIntosh Practice & Pro., 632.

"A familiar principle of practice forbids a directed instruction in favor of the party upon whom rests the burden of proof." *Yarn Mills v. Armstrong,* 191 N. C., 125, 131 S. E., 416; *Evans v. Ins. Co.,* 213 N. C., 539, 196 S. E., 814; *House v. R. R.,* 131 N. C., 103, 42 S. E., 553; *Cox v. R. R.,* 123 N. C., 604, 31 S. E., 848.

Defendant complains also of the trial judge's failure in his charge to put the burden of proof on the third issue on the plaintiff. The proper placing of the burden of proof is regarded as a substantial right. *Arnold v. Trust Co., ante,* 433.

For the errors pointed out there must be a

New trial.