DELIA McCRACKEN AND HUSBAND, C. D. McCRACKEN, v. ZEB CLARK AND WIFE EVA CLARK, GROVER CLARK AND WIFE CATHERINE CLARK, AND RAYMOND McCRACKEN AND WIFE PEARL McCRACKEN.

(Filed 27 February, 1952.)

**1. Trial § 29—**

A verdict may not be directed in favor of the party upon whom rests the burden of proof.

**2. Easements §§ 2, 3—**

Where, in an action in trespass, defendants plead adverse user and an easement by implied grant to use the roadway across plaintiffs' land, the burden of proving these affirmative defenses is upon defendants and it is error for the court to direct a verdict in their favor upon these defenses.

APPEAL by plaintiffs from *Rudisill, J.,* and a jury, September Term, 1951, of HAYWOOD.

Civil action in trespass to enjoin the defendants from continuing to use a roadway leading from their lands over and across those of the plaintiffs to a public road, and for damages.

The defendants allege by way of affirmative defense that by adverse use of the roadway by themselves and their predecessors in title over a long period of years they have acquired an easement in the roadway, entitling them to use it as a matter of right.

On the issue of prescriptive easement thus raised by the pleadings, the evidence offered in the court below was conflicting. The defendants' evidence tends to show that the character of the user through the years has been hostile, adverse, and as of right, and so recognized by the plaintiffs and their predecessors in title for near unto a century.

The plaintiffs, on the other hand, offered evidence tending to show that through the years the roadway has been no more than a permissive neighborhood cartway.

Issues were submitted to and answered by the jury as follows:

"1. Are the plaintiffs the owners and in possession of the land described in the complaint? Answer: 'Yes.' (By the court in accordance with the admissions in the defendants' answer.)

"2. Have the defendants acquired an easement in the road over said lands entitling them to use the roadway in controversy without bars or gates or other obstructions thereon? Answer: 'Yes.'"

The court directed the verdict as to the second issue by giving the following instruction: "Under the evidence we have heard, and under the law as I understand the law to be, I direct you to answer that issue 'Yes.'" The plaintiffs' exception to this directed instruction is brought forward and urged as their chief assignment of error.

From judgment entered on the verdict, the plaintiffs appealed, assigning errors.

*W. R. Francis and Jones & Ward for plaintiffs, appellants.*

*James H. Howell, Jr., Morgan & Ward, and Glenn W. Brown for defendants, appellees.*

Johnson, J. The trial court erred in directing the verdict on the second issue. On that issue, the burden of proof was upon the defendants. This being so, they were not entitled to a directed instruction.

To establish the easement claimed by the defendants the burden of proof was upon them to satisfy the jury by the greater weight of the evidence that the user relied on was hostile in character, rather than permissive and with the owners' consent. *McPherson v. Williams,* 205 N.C. 177, 170 S.E. 662; *Chesson v. Jordan,* 224 N.C. 289, p. 292, 29 S.E. 2d 906. "Permissive use is presumed until the contrary is made to appear." *Speight v. Anderson,* 226 N.C. 492, p. 497, 39 S.E. 2d 371.

It is established by many authoritative decisions of this Court that a directed instruction in favor of the party having the burden of proof is forbidden. *Haywood v. Ins. Co.,* 218 N.C. 736, 12 S.E. 2d 221, and cases cited.

We have not overlooked the defendants' contention that they acquired an easement by implied grant. As to this phase of the case, the burden of proof was nonetheless on the defendants. 17 Am. Jur., Easements, Sec. 54 (see also sections 32, 33, and 48); *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224; *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329.

New trial.