CITY OF SHELBY, ZEB MAUNEY, BUILDING INSPECTOR FOR THE CITY OF
SHELBY, AND ON BEHALF OF THE CITY OF SHELBY AS ITS BUILDING
INSPECTOR, (AND GRIFFIN J. HOLLAND, SINGLE, ELIZABETH CLAY-
TOR AND HUSBAND, JOHN WILLIAM CLAYTOR, DOROTHY HOLLAND,
SINGLE, AND LAWRENCE HOLLAND AND WIFE, ROSLIN HOLLAND,
ADDITIONAL PARTIES PLAINTIFF), v. W. D. LACKEY AND WIFE, LILLIAN
Z. LACKEY, EVANS LACKEY AND WIFE, MARY I. LACKEY, ISABEL
MOSER AND LACKEY PONTIAC, INC.

(Filed 29 October, 1952.)

**1. Municipal Corporations § 37—**

In an action by a municipality to enforce a zoning ordinance, complaint
of individuals, joined as parties plaintiff, which fails to show that such
individuals were citizens or property owners of the municipality, or that
they would be injuriously affected by the defendants' alleged nonconform-
ing use, is demurrable for failure to state a cause of action in favor of
such individuals.

**2. Pleadings § 19b—**

Where the complaint fails to state a cause of action in favor of addi-
tional parties plaintiff, demurrer should be sustained as to such additional
parties, but demurrer to the complaint for misjoinder of parties should
be denied.

**3. Trial § 29—**

A directed verdict may not be entered in favor of the party upon whom
rests the burden of proof.

**4. Trial § 28—**

While in proper instances the court may give a peremptory instruction
that if the jury finds the facts to be as all the evidence tends to show to
answer the issue as indicated, the court must leave it to the jury to deter-
mine the credibility of the testimony, and the failure of the court to do so
must be held for error.

APPEAL by defendants from *Clement, J.,* August Term, 1952, of
CLEVELAND.

This is a civil action instituted by the plaintiffs for the purpose of
enforcing the provisions of the zoning ordinance of the City of Shelby
and restraining the defendants from continuing to use a lot for business
purposes, which lot is classified in the zoning ordinance as residential
property. The ordinance became effective 27 May, 1947.

The plaintiffs, Griffin J. Holland, single, Elizabeth Claytor and hus-
band, John William Claytor, Dorothy Holland, single, and Lawrence
Holland and wife, Roslin Holland, filed a petition and motion at the
January Term, 1952, of the Superior Court of Cleveland County, request-
ing that they be allowed to become parties plaintiff in this action, and
permitted to adopt the complaint theretofore filed in the action by the

original plaintiffs. The defendants interposed a demurrer to the petition and motion. The demurrer was overruled and the motion allowed. The defendants appealed to this Court and we held that the order making the additional parties plaintiff did not impair any substantial right of the defendants which would warrant an appeal. *Shelby v. Lackey,* 235 N.C. 343, 69 S.E. 2d 607.

When this cause came on for hearing in the trial below, the defendants demurred *ore tenus* to the complaint as to these additional parties plaintiff for that the same did not state a cause of action against the defendants in behalf of said plaintiffs, and for misjoinder of parties plaintiff. The demurrer was overruled and the defendants excepted thereto.

The trial below resulted in a verdict for the plaintiffs, and from the judgment entered pursuant thereto, the defendants appeal and assign error.

*Falls & Falls for appellants.*
*Henry B. Edwards and A. A. Powell for appellees.*

DENNY, J. An examination of the complaint filed in this action fails to disclose that the additional parties plaintiff are in any way interested in the subject matter of the action, or that they are citizens of the City of Shelby, or property owners therein, or that they will be injuriously affected by the nonconforming use of the defendants' property for business purposes. Hence, we think, in the absence of appropriate pleadings in this respect, the demurrer should have been sustained as to these additional parties plaintiff. The ruling, however, in so far as it may have applied to a misjoinder of parties, will be upheld.

The defendants except to the refusal of the court to sustain their motion for judgment as of nonsuit. The exception is overruled as to the original plaintiffs.

The defendants also except to and assign as error the charge of the court which was as follows: "GENTLEMEN OF THE JURY: There is but one issue submitted to you—Have the defendants in violation of the Zoning Ordinance of the City of Shelby used for business purposes the portion of the lot described in the complaint on the North side of West Marion Street, and designated on the plat PLAINTIFFS' EXHIBIT 5 'Used Car Lot,' enclosed by a fence? If you find from the evidence the facts to be as all of the evidence tends to show, you will answer that issue yes, and with your permission I will answer it for you. Answer: 'Yes.'"

The exception is well taken and must be sustained. A directed instruction in favor of the party having the burden of proof is error. *McCracken v. Clark,* 235 N.C. 186, 69 S.E. 2d 184; *Haywood v. Insurance Co.,* 218 N.C. 736, 12 S.E. 2d 221; *Yarn Mills v. Armstrong,* 191 N.C. 125, 131

S.E. 416; *House v. R. R.*, 131 N.C. 103, 42 S.E. 553; *Manufacturing Co. v. R. R.*, 128 N.C. 280, 38 S.E. 894; *Cox v. R. R.*, 123 N.C. 604, 31 S.E. 848. And when a peremptory instruction is permissible, conditioned upon the jury finding the facts to be as all the testimony tends to show, the court must leave it to the jury to determine the credibility of the testimony. McIntosh's North Carolina Practice & Procedure, 632; *Bank v. School Committee*, 121 N.C. 107, 28 S.E. 134; *Boulten v. R. R.*, 128 N.C. 337, 38 S.E. 920; *Kearney v. Thomas*, 225 N.C. 156, 33 S.E. 2d 871. This the court below inadvertently failed to do.

The defendants are entitled to a new trial and it is so ordered.

New trial.