ELECTRO LIFT, INC., v. MILLER EQUIPMENT COMPANY.

(Filed 24 May, 1967.)

1. **Appeal and Error § 31—**

Statement of what the witness would have answered had he been permitted to testify cannot be supplied at a later date by the attorney's information or deduction, or by the witness, when such matter is entered in the record without any supervision of the trial court.

**2. Trial § 31—**

The correct form of a peremptory instruction in favor of the party upon whom rests the burden of proof is that the jury should answer the issue in the affirmative if they found the facts to be as all of the evidence tended to show, and should answer the issue in the negative if the jury should not so find. A peremptory instruction which does not add that the jury should answer the issue in the negative if they should not so find the facts to be, must be held for prejudicial error in failing to leave it to the jury to decide the issue.

APPEAL by defendant from *Johnston, J.,* September 1966 Term, ROWAN Superior Court.

The plaintiff sued to recover $3550 due it on an alleged contract by the defendant, Miller Equipment Company (Miller). It alleged, and offered evidence tending to show, that in August 1962 the defendant ordered a hoist and trolley of certain specifications at a price of $4950. The defendant, as contractor, obtained this machinery to install in a kiln construction project for Michigan Sewer Pipe Company (Michigan) in Gnadenhutten, Ohio. The hoist and trolley were delivered to defendant in November 1962, and when they were installed, it was found that the trolley was manufactured to operate on an 8-foot radius, while Michigan had expected to use a 4-foot radius. The specifications of the order called for a trolley to be used on an 8-foot radius: "Travel speed 100 ft./min. on I-beam track and to turn approximately 8′ radius." When this situation arose, plaintiff authorized the return of the trolley and gave the defendant credit for it, $1400. Michigan kept the hoist and is still using it. When the plaintiff sought payment of the contract balance of $3550 for the hoist, the defendant replied that "When my customer is satisfied, our account with you will be paid." The account is still outstanding.

The defendant attempted to offer evidence tending to show that American Monorail Company of Charlotte was also supplying machinery and accessories to be used with the trolley and hoist, and that shortly after the purchase order was given, defendant had written the plaintiff with regard to the specifications of the hoist in which it was said that the trolley should be designed for use on Monorail's nominal 4-inch track. The defendant's position was that plaintiff should have known from this that it would require a 4-foot rather than an 8-foot radius as originally specified. The defendant further attempted to offer evidence to the effect that the failure of the trolley to operate satisfactorily because the desired radius was not furnished had caused it to sustain substantial loss, and it asserted a counterclaim for the losses amounting to some $33,000. The court excluded most of the evidence of this nature offered by the

defendant upon the theory that the difficulty was with the trolley, that it had been satisfied by the return of it to the plaintiff with full credit given therefor, and at the close of all the evidence gave a charge which included the following instruction:

> "The Court again instructs you that if you believe the evidence in the case, and you find by the greater weight of the evidence the facts to be as all of the evidence in the case tends to show, then it will be your duty to answer this issue in the sum of $3,550.00, with interest on this amount after the first day of January, 1963.
>
> "Take the issue to your room and answer it, and, when you have done so, you will return into open Court immediately."

Upon the verdict, the Court signed judgment for the plaintiff. The defendant appealed.

*Graham M. Carlton, Attorney for defendant appellant.*

*Benjamin D. McCubbins and George L. Burke, Jr., Attorneys for plaintiff appellee.*

PLESS, J. The record contains twenty-six exceptions to the exclusion of evidence the defendant sought to introduce. Typical of these exceptions is the following:

> "EXCEPTION #13 (R p 32):
>
> "Q. Mr. Miller, what was the contract price that you had for the construction of the kiln at Gnadenhutten?
>
> "(Witness would have answered: '$368,563.37 was the total contract price.') (Witness' answer included apart from Court's supervision.)"

Each of the other exceptions to the excluded evidence is in that form. It is an invariable rule that where the court sustains an objection that it will not be considered unless the proposed answer is supplied in the record. In *Peek v. Trust Co.,* 242 N.C. 1, 14, 86 S.E. 2d 745, it is said:

> "(T)he record fails to show what the testimony would have been if the witness had been permitted to answer the question. It is elemental that the exclusion of testimony cannot be held prejudicial on appeal unless the appellant shows what the witness would have testified if permitted to do so. *Highway Comm. v. Black,* 239 N.C. 198, 79 S.E. 2d 778; *Goeckel v. Stokely,* 236 N.C. 604, 73 S.E. 2d 618."

The recognized method for supplying an excluded answer is to excuse the jury at the close of the witness' testimony and then have him, in the presence of the court, give the proposed answer. Another custom permits the answer to be supplied at a later time, when this is done by order of the court or by agreement of the parties. From the court's notation, it is apparent that none of these methods were used; and the statement that the witness would have answered, etc., could be based upon the attorney's information or deduction, or, of course, could have been made by the witness. The court was liberal to the defendant in letting the record show what the defendant contended the answer would have been, but we cannot give consideration to parts of the record furnished "apart from the court's supervision," and each of the exceptions based on similar questions and answers is without merit.

Upon the evidence admitted by the court, it appears that the defendant ordered a hoist and trolley of specified requirements at a total price of $4950. Upon delivery, the defendant complained about the trolley. From the record, it appears that the plaintiff was liberal in accepting the return of the trolley and allowing full credit (even including unearned commissions) to the defendant.

The defendant kept the hoist and has used it regularly for some four years. It is entirely within the specifications of the original order. But now that the plaintiff seeks to recover the agreed price for an article that complies with the original contract, the defendant says that it should not pay for it because another article, which it has returned for full credit, did not measure up. The defendant is on debatable grounds as to the latter claim, but there can be no debate that it has kept and used the hoist which it ordered.

The trial court was apparently of the opinion that the plaintiff was entitled to what amounted to a peremptory instruction, but the one given at the conclusion of the charge does not comply with the rules stated in *Shelby v. Lackey*, 236 N.C. 369, 72 S.E. 2d 757, in which Denny, J., later C.J., speaking for the Court, said:

"A directed instruction in favor of the party having the burden of proof is error. *McCracken v. Clark*, 235 N.C. 186, 69 S.E. 2d 184; *Haywood v. Insurance Co.*, 218 N.C. 736, 12 S.E. 2d 221; *Yarn Mills v. Armstrong*, 191 N.C. 125, 131 S.E. 416; *House v. R. R.*, 131 N.C. 103, 42 S.E. 553; *Manufacturing Co. v. R. R.*, 128 N.C. 280, 38 S.E. 894; *Cox v. R. R.*, 123 N.C. 604, 31 S.E. 848. And when a peremptory instruction is permissible, conditioned upon the jury finding the facts to be as all the testimony tends to show, the court must leave it to the jury to determine the credibility of the testimony. McIntosh's North

Carolina Practice & Procedure, 632; *Bank v. School Committee,* 121 N.C. 107, 28 S.E. 134; *Boutten v. R. R.,* 128 N.C. 337, 38 S.E. 920; *Kearney v. Thomas,* 225 N.C. 156, 33 S.E. 2d 871."

The rule is well stated in Strong's N. C. Index, Trial, § 31, that the correct form of a peremptory instruction is that the jury should answer the issue in the affirmative if the jury should find from the greater weight of the evidence the facts to be as all the evidence tends to show, and that if the jury does not so find they should answer the issue in the negative. The court must leave it to the jury to decide the issue.

The instruction here fails to offer the alternative that if the jury fails to find the facts as all the evidence in the case tends to show that it then be the duty of the jury to render a verdict in favor of the defendant.

In view of the condition of the record, we do not pass upon the correctness of the judge's opinion that the plaintiff was entitled to a peremptory instruction. If he were, the defendant was entitled to have it in proper form. Whether a peremptory charge is appropriate at a later trial will be determined by the evidence then adduced. The defendant is entitled to a

New trial.