ALTON B. CRAVER, JR. v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 7426DC516

(Filed 7 August 1974)

1. **Appeal and Error § 49— exclusion of testimony not shown in record**
   The exclusion of testimony cannot be held prejudicial error where the record fails to show what the excluded testimony would have been had it been admitted in evidence.

2. **Evidence § 31— best evidence rule — amendment of document**
   The best evidence rule does not require that when a document which is an amendment of an earlier document is admitted into evi-

Craver v. Insurance Co.

dence, the earlier document must be admitted at the same time as the amendment.

3. **Appeal and Error § 52— instructions agreed to by counsel — invited error**

  An attorney should not be allowed to participate in the drafting of an instruction, state to the court that it is acceptable to him, and then argue on appeal that the instruction which he helped to draft was erroneous.

APPEAL by plaintiff from *Griffin, Judge,* 28 January 1974 Session of District Court held in MECKLENBURG County.

Heard in Court of Appeals 13 June 1974.

This is an action to recover benefits under an insurance contract. Plaintiff alleged in his complaint that on 4 May 1969 he purchased a medical insurance policy from defendant. Under the terms of this policy defendant was required to compensate plaintiff for medical expenses incurred as a result of an accidental bodily injury. Plaintiff contended that on 12 July 1969 he accidentally fell off a ramp while pushing a wheelbarrow full of mortar and suffered a ruptured disc in his back.

Defendant denied that plaintiff's back injury was the result of an accident, and contended that plaintiff suffered the injury while attempting to move heavy furniture in his home on the night of 12 July 1969.

The case was tried in the District Court of Mecklenburg County, and the jury returned a verdict in favor of defendant. From judgment entered in accordance with the verdict, plaintiff appealed to this Court.

*Olive, Howard, Downer, Williams & Price, by Carl W. Howard, for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by Wayne Paul Huckel for defendant appellee.*

BALEY, Judge.

[1] The only witness for defendant at the trial was Dr. J. J. Priester. While cross-examining Dr. Priester, counsel for plaintiff asked him certain questions concerning the pain resulting from a ruptured disc and the time when such pain would first be felt. The court sustained defendant's objections to two of these questions, and two of plaintiff's assignments of error are

based on these rulings. However, plaintiff has not placed in the record the answers that Dr. Priester would have given to these questions. It is therefore impossible to determine whether the trial court committed prejudicial error in excluding the two questions, and accordingly these assignments of error may not be considered by this Court. *Electro Lift v. Equipment Co.*, 270 N.C. 433, 154 S.E. 2d 465; *Construction Co. v. Hamlett*, 14 N.C. App. 57, 187 S.E. 2d 438, *cert. denied*, 281 N.C. 621, 191 S.E. 2d 758; *Sanders v. Anchor Co.*, 12 N.C. App. 362, 183 S.E. 2d 312.

[2] Defendant introduced into evidence a document entitled "Application for Health Insurance," signed by plaintiff and dated 17 October 1969. In answer to one of the questions in this application, defendant stated that he had never had any "bone, joint or back disorder." Defendant's reason for introducing this document was to cast doubt upon plaintiff's credibility, since plaintiff had previously testified that he suffered a ruptured disc on 12 July 1969. Plaintiff contends that this "Application" was an amendment to an earlier insurance application, designed to correct his mistake in inadvertently specifying $35 rather than $50 on the earlier application as the amount of daily room and board benefits he desired to receive in the event of hospitalization. He asserts that under the "best evidence rule," the court could not admit this document into evidence without also admitting the earlier application. This assignment of error is based on a misunderstanding of the best evidence rule. The best evidence rule does not require that when a document which is an amendment of an earlier document is admitted into evidence, the earlier document must be admitted at the same time as the amendment. It provides instead that when a party seeks to prove the contents or terms of a writing, he must introduce the original writing into evidence, rather than using a copy or oral evidence as to the terms of the writing. 2 Stansbury, N. C. Evidence (Brandis rev.), § 190; *State v. Cornell*, 281 N.C. 20, 187 S.E. 2d 768; *Aviation, Inc. v. Insurance Co.*, 19 N.C. App. 557, 199 S.E. 2d 485. Defendant does not contend that the trial court erred in failing to require defendant to introduce the original, rather than a copy, of the "Application for Health Insurance." This assignment of error, therefore, is untenable.

[3] Before the trial judge gave his charge to the jury, the attorneys for both parties conferred with him at the bench. Counsel for defendant submitted a requested instruction explain-

ing what circumstances would, and what circumstances would not, constitute an "accident" within the meaning of plaintiff's insurance policy. This requested instruction was not acceptable to plaintiff, and the attorneys discussed possible revisions in the wording of the instruction. They finally reached agreement on a charge on this subject, and the revised instruction was submitted to the court, with both attorneys stating that it was satisfactory to them as revised. The judge included the revised instruction verbatim in his charge to the jury. Plaintiff now contends that this instruction was erroneous. Such a contention cannot be accepted by this Court. An attorney should not be allowed to participate in the drafting of an instruction, state to the court that it is acceptable to him, and then argue on appeal that the instruction which he helped to draft was erroneous. When the attorneys submitted the agreed instruction to the court, in effect they jointly requested that it be included in the court's charge. The courts of North Carolina have often held that a party may not assign as error an instruction given by the court at his request. *Overton v. Overton*, 260 N.C. 139, 132 S.E. 2d 349; *Chappell v. Dean*, 258 N.C. 412, 128 S.E. 2d 830.

Plaintiff has not shown that any error was committed in the trial of this case, and, accordingly, the verdict of the jury will not be disturbed.

No error.

Judges MORRIS and VAUGHN concur.